**Shirley ROBERSON, a widow, Appellant,**

v.

**James A. McCARTHY and Billie Joe Simpson, Appellees.**

**No. 1810.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 20, 1981.

Rehearing Denied Sept. 10, 1981.

Carl H. Judin, Jr., Judin, Ellis & Barron, McAllen, Alex Huddleston, Jack Skaggs, Harlingen, for appellant.

Robert B. Benton, O'Leary, Sanchez & Benton, Brownsville, Charles Sweetman, Allison & Sweetman, Harlingen, for appellees.

OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted against plaintiff-appellant, Shirley Roberson, and in favor of defendants-appellees, James A. McCarthy and Billie Joe Simpson.

Shirley Roberson filed suit to recover damages arising out of the death of her husband, Edmund S. Roberson. Mrs. Roberson initially brought suit against the County of Cameron, Ford Motor Company, Billie Mack Simpson, James A. McCarthy, Bille Joe Simpson, Matthew McCarthy and Patsy Graham Thomae. Her cause of action was discontinued as to all parties except the County of Cameron and the two appellees, Billie Joe Simpson and James McCarthy. After a full and final settlement was entered into between plaintiff and the County of Cameron, plaintiff nonsuited the County, thus leaving only James McCarthy and Billie Joe Simpson as defendants. Both defendants then filed a motion for summary judgment and such motions were granted by the trial court. Plaintiff appeals.

At approximately 2:00 p. m. on January 3, 1974, a wooden bridge crossing a canal ditch on the San Ramon Road, Cameron County, Texas, was destroyed by fire. The cause of the fire was unknown. The bridge and the road leading to the bridge were owned and maintained by Cameron County. Plaintiff's husband was traveling in a northerly direction on San Ramon Road when he approached the bridge site at approximately 6:30 a. m. Although Roberson applied his brakes, he was unable to stop his truck in time to avoid running into the open canal ditch. Roberson sustained severe injuries as a result of this accident and died. There were no flagmen, barricades, or any type of warning devices at the site of the burned-out bridge.

The two defendants learned of the burned bridge during the afternoon or evening of January 3, 1974. Defendant McCarthy attempted to contact the County Commissioner about the situation, but failed. Defendant Simpson agreed to notify someone about the bridge, but did not. Based on these facts, plaintiff filed suit contending that both defendants, while not initially having the duty to warn the traveling public, undertook the duty, but performed it without using ordinary care and are therefore liable for their negligence. Plaintiff's contention that defendants had

undertaken the duty of warn is based on the summary judgment evidence summarized hereafter.

On January 3, 1974, defendant Simpson and his wife were traveling on the road around 5:00 p. m., when Santos G. Ramos, Jr., stopped them. Ramos told them that the bridge over the drainage ditch had burned. Simpson then drove over to the site of the bridge to inspect it.

As to the conversation between Ramos and Simpson, Ramos testified as follows:

"Q: And what did Mr. Simpson say, was he going to take care of the bridge being burned out or what, you had some conversation with him?

A: Yeah, well, I just say hello to him and then I told him about the bridge and I told him if he could, you know, notify somebody about the bridge.

Q: Uh-huh, and what did he say?

A: He said yeah.

Q: Yeah, that he would notify someone about the bridge being burned out?

A: Yeah, that's what I told him, you know."

Plaintiff contends that Ramos' testimony raised a fact issue as to whether or not Simpson had undertaken the duty to warn the proper authorities of the danger.

Defendant McCarthy learned of the burned-out bridge about 5:30 or 6:00 p. m. on the evening of January 3, 1974. After being informed that the bridge had burned, McCarthy also drove to the site to look at the bridge. Upon arriving back home, McCarthy called one of the County Commissioners, Adolph Thomae, to notify him of the accident. Mr. Thomae was out of town, so McCarthy told Mrs. Thomae that he would try and get hold of Balli (another County employee). McCarthy tried both Balli and one of Balli's employees until 10:30 or 11:00 p. m., but was unable to reach either party. McCarthy then went to bed and made no further attempt to contact anyone about the bridge.

914

Both defendants contended in their motions for summary judgment that there was no genuine issue as to any material fact and that, as a matter of law, they did not owe the plaintiff's deceased husband any duty. Therefore no duty had been breached. Plaintiff, on the other hand, contends that a fact issue was present which would give rise to a legal duty owed by defendants to her deceased husband.

In support of her contention that there is a fact question present, plaintiff relies on Sec. 324 A of the Restatement of Torts, Second. This section reads as follows:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if

a) his failure to exercise reasonable care increases the risk of such harm, or

b) he has undertaken to perform a duty owed by the other to the third person, or

c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

In the present case, it is clear that defendants did not fall within any of the above defined categories. Accordingly, no liability could arise under plaintiff's theory of negligent performance of an undertaking.

 Reviewing a summary judgment proceeding, we follow the general rule that the judgment should be granted only if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party must establish his entitlement on the issues expressly presented to the trial court by conclusively proving all of the essential elements of his cause of action (or defense) as a matter of law. Both the reasons for a summary judgment and the objections to it must be in writing and before the trial court at the hearing. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

In considering the question of whether there was a duty owing by defendants to plaintiff's deceased husband, summary judgment would be proper only if we can determine from the record before us that the material issues of fact which relate to the existence of duty are conclusively established in favor of defendants; that is, there was no duty owing by defendants to plaintiff's deceased husband.

An actor and a bystander owe different duties to a plaintiff injured because of a dangerous situation. The duty of bystanders was expressly set out in *Buchanan v. Rose,* 138 Tex. 390, 159 S.W.2d 109 (1942) as follows:

"Using familiar illustrations, it may be said generally, on the one hand, that if a party negligently creates a dangerous situation it then becomes his duty to do something about it to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights may be injured thereby. On the other hand, it may be said generally, *as a matter of law, that a mere bystander who did not create the dangerous situation is not required to become the good Samaritan and prevent injury to others.*" (emphasis added)

See also: *Abalos v. Oil Development Company of Texas,* 544 S.W.2d 627 (Tex.1976).

After reviewing all of the evidence in the light most favorable to plaintiff, we hold that the trial court properly granted defendants' motion for summary judgment. It was undisputed that defendants did not create the dangerous situation. They were mere bystanders, and, as such, they owed no duty as a matter of law to the plaintiff. We, therefore, hold that the trial court properly granted defendants' motions for summary judgment.

Judgment of the trial court is affirmed.

BISSETT, J., not participating.