**Mariano Garza BARRERA, Appellant,**

v.

**FARMER'S TEXAS COUNTY MUTUAL INSURANCE CO., et al., Appellees.**

No. 2218cv.

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Sept. 16, 1982.

Joseph R. Preston, Mission, for appellant.

H.H. Rankin, Jr., McAllen, for appellees.

Before UTTER, KENNEDY, and GON-ZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a summary judgment, which was granted in favor of defendants-appellees, Farmer's Texas County Mutual Insurance Company and Jessie Ruiz, d/b/a Jessie Ruiz Insurance Company (hereinafter County Mutual and Ruiz), on a deceptive trade practices claim. Plaintiff-appellant is Mariano Garza Barrera.

The facts giving rise to the present lawsuit were as follows. In December of 1978, Barrera purchased an automobile insurance policy from Ruiz. This policy provided coverage for accidents taking place in the Republic of Mexico, if the car involved was principally garaged in the United States, and if the accident took place within 25 miles of the border on a trip lasting less than 10 days. In May of 1979, Barrera had an accident in Reynosa, Mexico, in which his car caused damage to two other vehicles (at the time of the accident, Barrera's car was principally garaged in the United States, and the accident took place within 25 miles of the border on a trip lasting less than 10 days). As a result of the accident, Mexican authorities impounded Barrera's vehicle until he could pay the damages. Barrera then attempted to file a claim under the County Mutual insurance policy he had purchased through Ruiz. However, Ruiz informed Barrera that his policy had been cancelled. Thereafter, Barrera filed suit against County Mutual and Ruiz alleging violation of the Texas Deceptive Trade Practices Act and Art. 21.21 of the Insurance Code.

After answering by way of general denial, appellees filed a motion for summary judgment contending no liability because of

the exemption provided for county mutual insurance companies under Tex.Ins.Code Ann. Art. 17.22. The statute in effect at the time of the issuance of the policy and the accident reads as follows:

"County mutual insurance companies shall be exempt from the operation of all insurance laws of this state, *except as in this Chapter specifically provided.* In addition to such Articles as may be made to apply by other Articles of this Chapter, county mutual insurance companies shall not be exempt from and shall be subject to all of the provisions of Article 2.04 and of Article 2.05 and of Article 2.08 and of Article 2.10 and of Article 5.12 and of Article 5.37 and of Article 5.38 and of Article 5.39 and of Article 5.40 and of Article 5.49 and of Article 21.28B and of Article 21.49 of this Code, and the provisions of Article 70.64 of the Revised Civil Statutes of Texas." (emphasis added)

Appellant argued both at the summary judgment hearing and *on appeal* that the above provision of the Insurance Code only exempts a county mutual insurance company from insurance laws, not from all the laws of the state of Texas; therefore, he still has a viable cause of action under Tex.Bus. & Com.Code Ann. § 17.46(a) (Vernon Supp.1982), i.e., the Texas Deceptive Trade Practices Act. After the hearing on the motion for summary judgment, the trial court entered a judgment that appellant take nothing against County Mutual and Ruiz. This appeal ensued.

■ In reviewing a summary judgment proceeding, we follow the general rule that the judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The moving party must establish his entitlement on the issues expressly presented to the trial court by conclusively proving all of the essential elements of his cause of action or defense as a matter of law. Both the reasons for a summary judgment and the objections to it must be in writing and before the trial court at the hearing. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d

671 (Tex.1979); *Roberson v. McCarthy,* 620 S.W.2d 912 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ After reviewing the present case in accordance with the above stated guidelines, we hold that the trial court properly granted the summary judgment. Prior to the 1981 amendments to the Insurance Code, Article 21.21 of the Code, which dealt with unfair competition and unfair practices in the insurance business, had no application to county mutual insurance companies. Article 17.22 of the Insurance Code exempted county mutual insurance companies from all insurance regulations except those specifically made applicable by their specific terms, those contained in Chapter 17, as well as other articles enumerated in Article 17.22. Article 21.21 was not among the articles included in Article 17.22. Consequently, the Deceptive Trade Practices remedial provisions contained in Article 21.21 for violations of that article did not apply to county mutual insurance companies at the time of this cause of action. *Mobile County Mutual Ins. Co. v. Jewell,* 555 S.W.2d 903 (Tex.Civ.App.—El Paso), *writ ref'd per curiam,* 566 S.W.2d 295 (Tex. 1978); *McNeill v. McDavid Ins. Agency,* 594 S.W.2d 198 (Tex.Civ.App.—Fort Worth 1980, no writ). Therefore, even if there was a fact issue as to whether or not Ruiz misrepresented the policy to appellant, County Mutual and/or Ruiz, as their agent, would not be liable by statute.

■ Appellant also attempts in his appeal to question the constitutionality of Tex.Ins.Code Ann. Art. 17.22. We hold that this constitutionality question is not properly before this Court because appellant did not present such issue to the trial court. While a non-movant need not file a response to a motion for summary judgment in order to argue on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support a summary judgment, he must expressly present to the trial court those issues that would defeat the movant's right to a summary judgment; and failing to do so, he may not

later assign them as an error on appeal. *City of Houston v. Clear Creek Basin Authority, supra.* See also *United Postage Corp. v. Kammeyer,* 581 S.W.2d 716 (Tex. Civ.App.—Dallas 1979, no writ).

The judgment of the trial court is AFFIRMED.