Patty L. MERRITT, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 16720.

Court of Appeals of Texas, San Antonio.

Oct. 6, 1982.

Rehearing Denied Nov. 10, 1982.

Daniel Diaz, Jr., Plunkell, Gibson & Allen, San Antonio, for appellant.

John Cornyn, III, Groce, Locke & Hebdon, San Antonio, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

This is an appeal from a summary judgment awarded to appellee Texas Employers' Insurance Association (TEIA) in a worker's compensation case. Appellant originally was awarded an amount exceeding $1,000.00 by the Industrial Accident Board pursuant to a claim based upon the death of her husband, Joshua H. Merritt, and TEIA filed suit to set aside the award. TEIA based its motion for summary judgment upon failure of the appellant to meet the filing deadline requirements of the Worker's Compensation Act Tex.Rev.Civ.Stat. Ann. art. 8307 § 4a (Vernon 1967). Mrs. Merritt now challenges the propriety of the trial court's action in granting the summary judgment.

1. MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes TEXAS EMPLOYERS' INSURANCE ASSOCIATION, counter-defendant, and files this its Motion for a Summary Judgment pursuant to Tex.R.Civ.P. 166–A, and for same would respectfully show unto the Court the following:

I

This suit is an appeal from an award of the Industrial Accident Board as shown in plaintiff's original petition on file in this cause. Counter-plaintiff, Patty L. Merritt, has filed an answer and counterclaim alleging her right to death benefits under the Texas Worker's Compensation Statute, as surviving spouse of Joshua Merritt.

II

The following facts are undisputed. The decedent, Joshua H. Merritt, was an employee of Merritt Construction Company, and he was also the sole proprietor of Merritt Construction Company. On November 3, 1976, he was involved in a motor vehicle accident while driving a company pickup truck in the course and scope of his employment. The following day, November 4, 1976, he died of a heart attack. The appellant, Patty L. Merritt, was at that time married to the decedent. More than six months after the vehicle accident and more than six months after decedent's death, the appellant, on May 10, 1977, filed a notice of injury and claim for compensation with the Industrial Accident Board. The employer's first report of injury or illness (E–1) was filed with the Industrial Accident Board on November 7, 1978.

On September 4, 1980, TEIA filed its motion for summary judgment,[1] along with its brief in support thereof. The motion for summary judgment was heard on September 30, 1980, and was granted by the trial court, the written order granting summary judgment being signed on October 30, 1980. As of the time of the hearing, the appellant had not filed any written response or answer to TEIA's motion for summary judgment.

On October 24, 1980, appellant filed a motion for rehearing of motion for summary judgment in which for the first time she alleged that the six (6) month time period for filing a claim for death benefits estab-

As a matter of law, Patty L. Merritt's action is barred due to her failure to file her claim for compensation within six months after the occurrence of his alleged on-the-job injury.

III

This Motion is based upon the pleadings, answers to admissions and answers to interrogatories on file at the time of the hearing of this Motion, and as a matter of law, there is no genuine issue of material fact.

WHEREFORE, premises considered, counter-defendant prays that this Motion be set for hearing by the Court; that on hearing and consideration thereof, said Motion be in all things granted, and that summary judgment be entered in favor of counter-defendant against counter-plaintiff, for all costs of Court and for such other and further relief to which counter-defendant may be entitled.

lished by article 8307 § 4a did not begin to run until the employer's first report of injury (E–1) was filed as provided in article 8307 § 7a (Vernon Supp.1980). Under the record before us the trial court took no action on the motion for rehearing and subsequently on November 19, 1980, appellant filed her amended motion for rehearing of motion for summary judgment in which she raised essentially the same points. On December 1, 1980, the trial court heard the motion for rehearing of motion for summary judgment and for withdrawal of prior judgment, and overruled it.

Appellant brings a single point of error but which is in effect bifurcated. She says that the trial court erred in granting summary judgment as: (A) Appellant's claim was not required to be filed within six (6) months of the date of injury; and (B) Appellant's claim for death benefits was filed prior to the filing of the employer's first report of injury. We shall denominate these as point of error I(A) and I(B) as has appellant.

Under article 8307 § 4a of the Worker's Compensation Act, a claimant seeking death benefits must file a claim with the Industrial Accident Board within six (6) months after the employee's death. Unless some statutory tolling provision applies, compensation is barred if section 4a is not satisfied. *Lee v. Houston Fire & Casualty Insurance Co.*, 530 S.W.2d 294, 296 (Tex. 1975). In this case it is undisputed that the appellant did not so timely make her claim.

Appellant, by her point of error I(A), claims that the trial court erred in granting the summary judgment because a portion of the language of the motion for summary judgment itself will not sustain a judgment for TEIA. She points out that article 8307 § 4a provides for four (4) distinct filing deadlines applicable to four (4) distinct situations, only two (2) of which might have any applicability here. One of those is that a claim by an employee or his estate for disability benefits must be filed within six (6) months of the employee's injury; and the other is that a claim by the employee's legal beneficiaries for death benefits must

be filed within six (6) months of the employee's death. In this case appellant is suing for the death benefits as legal beneficiary. Appellant makes the argument that TEIA's motion stated an insufficient defensive ground because it referred to the date of the "alleged on-the-job injury" rather than the date of Mr. Merritt's death. Appellee argues that it meant by this the alleged or disputed "on-the-job injury" which was Mr. Merritt's heart attack which occurred on November 4, 1976, the date of his death. We cannot take seriously TEIA's argument that the "on-the-job injury" was a heart attack. Even if it were plausible, it would not matter. Either appellant is correct in her point of error I(A) or she is not. The question is whether limitations for death benefits is triggered by date of injury or date of death.

This court, speaking through Judge Norvell, in *Garrett v. Texas Employers' Insurance Association*, 226 S.W.2d 663, 664 (Tex.Civ.App.—San Antonio 1949, writ ref'd) explained the difference between a claim for death benefits and injury benefits as follows:

[1] A claim for death benefits following a compensable injury is a separate claim from that based upon the injury itself. The cause of action based upon death arises when the death occurs as a result of the injury. Article 8306, §§ 8, 8a and 8b, Vernon's Ann.Civ.Stats.; *Texas Employers' Ins. Ass'n. v. Phillips*, 130 Tex. 182, 107 S.W.2d 991; *Traders & General Ins. Co. v. Baldwin*, 125 Tex. 577, 84 S.W.2d 439; *Federal Surety Co. v. Pitts*, 119 Tex. 330, 29 S.W.2d 1046; *Maryland Casualty Co. v. Stevens*, Tex.Civ.App., 55 S.W.2d 149, wr. ref.

*Id.* at 664. The Supreme Court, in *American Motorists Insurance Co. v. Villagomez*, 398 S.W.2d 742 (Tex.1966) said the same thing, speaking of a new cause of action for death benefits which "arises and vests" in the legal beneficiaries of the decedent. The Supreme Court, in *Freeman v. Texas Compensation Insurance Co.*, 603 S.W.2d 186, 190 (Tex.1980), handed down just before this case was tried, continues to say that

"death benefits are 'vested' in the sense that the status of a beneficiary as such is determined as of the date of the worker's death."

Appellant's cause of action, if she has one, is for recovery of death benefits as a beneficiary of a worker. The first question we must address is whether the summary judgment was improvidently granted when the appellee in its motion claimed bar for "failure to file her claim for compensation within six (6) months after the occurrence of [Joshua Merritt's] alleged *on-the-job injury*." This is not a problem of proof, as the parties agree that appellant failed to file her claim within six (6) months either of her husband's truck accident on November 3, 1976, or of her husband's death on November 4, 1976. It is purely a question of whether we can let stand a summary judgment granted on a motion which on its face asks judgment for the wrong reasons.

TEIA argues that appellant may not complain if the summary judgment were granted on a defective motion since she did not except and point out the defect to appellee and to the trial court. The appellee says that if the motion were defective, the defect was one of form, and Mrs. Merritt's right to complain on appeal was waived by her failure to object at time of trial, citing *Westchester Fire Insurance Co. v. Alvarez,* 576 S.W.2d 771, 773 (Tex.1978). The summary judgment in *Alvarez* was, however, rendered by the trial court before the 1978 amendment to Rule 166–A.

Rule 166–A(c) as it became effective January 1, 1978, provided not only that the motion had to state the specific grounds therefor, but also that "... the moving party is entitled to judgment as a matter of law on the issues as *expressly set* out in the motion ..." [2]

In *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), Justice Spears has written a concise and informative treatise about the reasons for the changes in Rule 166–A and how the Supreme Court interprets them. When we apply such changes to this case, we conclude that this summary judgment cannot stand.

We are particularly persuaded by these comments by Judge Spears, "The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law." *See also Roberson v. McCarthy,* 620 S.W.2d 912 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.), in which the court follows *Clear Creek* in a case in which a summary judgment was sustained because no duty was breached. Here, TEIA expressly defended upon limitations as measured from the date of an injury and as a matter of law that is not a defense to a cause of action to recover death benefits.

Appellant's point of error I(A) is sustained. So holding, we do not reach the question of tolling raised in her point of error I(B).

The judgment is reversed and remanded.

2. Following the 1978 amendments, Rule 166–A(c) provided:

The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, the motion shall be served at least twenty-one days before the time specified for the hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *admissions and affidavits, if any,* on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and *the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.* A summary judgment may be based on uncontroverted testimonial evidence of an interested witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. (emphasis added)