TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00292-CV






Nehat Hidi and Michael Levine, Individually and on Behalf of all Similarly Situated


Automobile Insurance Consumers in Texas, Appellants



v.



State and County Mutual Fire Insurance Company and Fireman's Fund County


Mutual Insurance Company, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-10768A, HONORABLE JEANNE MEURER, JUDGE PRESIDING







 Appellants Nehat Hidi and Michael Levine (1) brought suit on behalf of all similarly
situated automobile insurance consumers in Texas for recovery of deductibles allegedly retained
by the appellees, State and County Mutual Fire Insurance Company and Fireman's Fund County
Mutual Insurance Company (collectively "State and County"), in violation of article 21.79E of
the Texas Insurance Code. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991
Tex. Gen. Laws 1069 (Tex. Ins. Code Ann. art. 21.79E, since recodified). (2) The trial court
granted summary judgment in favor of State and County and denied Hidi's motion for partial
summary judgment. Hidi presents two issues to this Court: (1) whether former article 21.79E
applies to county mutual insurance companies; and (2) whether the amendment to former article
21.79E and recodification as article 21.79G destroyed Hidi's cause of action. We will reverse the
summary judgment and remand the cause to the trial court for proceedings consistent with this
opinion.


BACKGROUND

 The controversy in this cause concerns the historic exemption of county mutual
insurance companies in Texas from most insurance regulation, and whether the legislature intended
that exemption to shield State and County from the requirements of former article 21.79E of the
Texas Insurance Code. Article 17.22, the county mutual exemption at issue in this appeal, states:


County mutual insurance companies shall be exempt from the operation of all
insurance laws of this state, except such laws as are made applicable by their
specific terms, or as in this Chapter specifically provided. In addition to such other
Articles as may be made to apply by other Articles of this Code, county mutual
insurance companies shall be subject to [certain enumerated provisions.]



Act of May 28, 1981, 67th Leg., R.S., ch. 561, § 1, 1981 Tex. Gen. Laws 2298 (Tex. Ins. Code
Ann. art. 17.22(a), since amended) (emphasis added).

 In 1991, the Texas Legislature extensively revised the Insurance Code, amending
numerous existing statutes and creating new regulations and causes of action. See Act of May 27,
1991, 72d Leg., R.S., ch. 242, §§ 1.01-13.36, 1991 Tex. Gen. Laws 939-1138. For the purposes
of this appeal, two significant events occurred during this legislative effort: (1) the legislature
specifically included county mutual insurance companies by name in regulations from which they
had previously been exempt, (3) and (2) the legislature created a new consumer protection statute,
entitled Action for Amount of Deductible, to safeguard the rights of insureds in the recovery of
their deductibles under motor vehicle insurance policies. (4)

 The new action for recovery of a deductible under former article 21.79E applied
in situations where (1) an insured made a claim on his motor vehicle insurance policy, (2) the
insurer was liable to the insured for the claim, (3) the claim was subject to a deductible payable
by the insured, and (4) a third party was potentially liable to the insurer or the insured for the
amount of the deductible. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex.
Gen. Laws 1069 (Tex. Ins. Code Ann. art. 21.79E, since recodified). In situations where it
applied, former article 21.79E required the insurer, not later than six months after the date of the
claim, to (1) bring an action against the potentially liable third party to recover the deductible, (2)
pay the insured the amount of the deductible, or (3) notify the insured in writing that the insurer
would not bring an action, and authorize the insured to bring such an action. See id. Where the
insurer took none of these actions, it became liable to the insured for the amount of the deductible. 
See id.

 As to its specific terms, former article 21.79E(a) provided:


This article applies to any insurer who delivers, issues for delivery, or renews a
policy of motor vehicle insurance in this state, including an inter-insurance
exchange, a mutual, a reciprocal, association, Lloyds or other insurer.



Tex. Ins. Code Ann. art. 21.79E(a) (West Supp. 1996) (emphasis added). Hidi argues that former
article 21.79E refers to county mutual insurance companies with sufficient specificity to bring
them within the requirements of the statute. The trial court disagreed and granted summary
judgment in favor of State and County. (5) Hidi appeals.


DISCUSSION

 Before discussing the specific interaction between article 17.22 and former article
21.79E, it is helpful to first establish the historical context of the language in the county mutual
exemption, specifically the case law leading up to the legislative amendment creating the current
language of article 17.22 at issue in this appeal.

 The original wording of the county mutual exemption stated:


County mutual insurance companies shall be exempt from the operation of all
insurance laws of this State, except as in this Chapter specifically provided. In
addition to such Articles as may be made to apply by other Articles of this Chapter,
county mutual insurance companies shall not be exempt from and shall be subject
to all the provisions of Article 2.04 and of Article 2.05 and of Article 2.08 and of
Article 2.10 and of Article 5.12 and of Article 5.37 and of Article 5.38 and of
Article 5.39 and of Article 5.40 and of Article 5.49 and of Article 21.28B and of
Article 70.64 of the Revised Civil Statutes of Texas.



Act of June 7, 1951, 52d Leg., R.S., ch. 49, § 1, art. 17.22(a), 1951 Tex. Gen. Laws 868, 1041
(Tex. Ins. Code Ann. § 17.22, since amended). Courts interpreted this statute to shield county
mutual insurance companies from all insurance laws not listed by name in Chapter 17, (6) including
remedial consumer statutes. See Jewell v. Mobile County Mut. Ins. Co., 566 S.W.2d 295 (Tex.
1978); see also Arnold v. National County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987);
Barrera v. Farmer's Tex. County Mut. Ins. Co., 643 S.W.2d 444, 446 (Tex. App.--Corpus
Christi 1982, writ ref'd n.r.e.). In particular, Jewell, Arnold, and Barrera exempted county
mutuals from the consumer protection policies contained in article 21.21 of the Insurance Code. (7) 
In a per curiam opinion the supreme court stated:


The court of civil appeals was correct, under the law as it now stands, in holding
that county mutual insurance companies are exempt from the provisions of Article
21.21 of the Texas Insurance Code. However, we call the attention of the
Legislature to the fact that its failure to "specifically" subject county mutuals to
Article 21.21, as required by Article 17.22, deprives persons who deal with county
mutuals the protection against unfair and deceptive insurance acts or practices
afforded to persons who deal with other types of insurance companies.



Jewell, 566 S.W.2d at 295 (emphasis added).

 Effective September 1, 1981, the legislature amended article 17.22. New article
17.22 continued to generally exempt county mutual insurance companies from the operation of
insurance laws, but expanded the exceptions to the exemption to include: (1) where insurance
laws are made applicable to county mutual insurance companies by their specific terms, (2) as
specifically provided in Chapter 17 of the Insurance Code, (3) as made applicable by other articles
of the Insurance Code, and (4) certain specifically enumerated provisions of the Insurance Code. 
See Act of May 28, 1981, 67th Leg., R.S., ch. 561, § 1, 1981 Tex. Gen. Laws 2298 (Tex. Ins.
Code. Ann. art. 17.22(a), since amended). Thus, the legislature changed the substantive language
of the county mutual exemption in addition to listing article 21.21 as specifically applying to
county mutuals. The changes are significant. The pre-1981 county mutual exemption
presumptively exempted county mutuals from all insurance regulations unless specifically listed
in Chapter 17. The amended county mutual exemption, modified soon after the Texas Supreme
Court gave notice in Jewell of the disproportionate effect of the exemption on the application of
consumer protection laws, changed the focus of the county mutual exemption from specific listings
inside Chapter 17 to the specific terms of individual insurance laws, wherever codified in the
Insurance Code.


Changing the Presumption

 Our analysis is bound by well-settled rules of statutory construction. Statutory
construction is a question of law. Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex.
1989). The cardinal rule of statutory construction is to ascertain the legislature's intent, and to
give effect to that intent. Union Bankers Ins. Co. v. Shelton, 889 S.W.2d 278, 280 (Tex. 1994). 
When determining legislative intent, the court may look to the language of the statute, legislative
history, the nature and object to be obtained, and the consequences that would follow from
alternate constructions. Holmans v. Transource Polymers, Inc., 914 S.W.2d 189, 191 (Tex.
App.--Fort Worth 1995, writ denied). In interpreting a statute, we shall diligently attempt to
ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy. 
Tex. Gov't Code Ann. § 312.005 (West 1998).

 State and County and Hidi engage in a battle of minutae over the meaning and
implication of numerous inclusive and exclusive phrases in various areas of the Insurance Code. 
State and County brings our attention to several articles in the Insurance Code also amended in
1991 along with former article 21.79E, that, unlike former article 21.79E, specifically identify
"county mutual companies" by name, including articles 2.01, 5.75-1, 21.07, 21.49-2B, 21.49-2D,
21.49-3B, 21.55, 21.56, 21.58, and 21.71. See Act of May 27, 1991, 72d Leg., R.S., ch. 242,
§§ 3.02, 3.03, 5.02, 5.03, 7.01, 11.03(a), 11.24, 11.105, 1991 Tex. Gen. Laws 939-1138. Hidi
responds by citing other provisions in the Insurance Code that support an inference that the
legislature failed to explicitly exempt county mutuals unless addressed by name in a statute because
it intended county mutuals to be referenced by general terminology in specific statutes. (8)

 We prefer, however, to analyze the situation from a broader context. We begin by
noting that the legislature is less than uniform in its reference terminology; subsequent legislative
sessions revise language of existing statutes and create prospective language for new statutes. The
legislature creates laws of general application using general language. The specific language
contained in the articles above cited by State and County differs from the general language
contained in former article 21.79E because in 1991 article 21.79E was drafted as a new statute,
and thus was not in need of alteration to achieve a specific purpose.

 Prior to 1981, the legislature used general language in creating a presumptive
exemption for county mutuals from insurance regulation, limiting it only by specific reference to
laws as listed in Chapter 17. Arnold illustrates the sweeping generality of this exemption as
interpreted by the courts. (9) In Arnold, the plaintiff sought to recover against his insurer, a county
mutual, under both article 21.21 of the Texas Insurance Code and the Deceptive Trade Practices
Act (the "DTPA") at section 17.46(a) of the Texas Business and Commerce Code. See Arnold,
725 S.W.2d at 167. The trial court denied both claims on summary judgment. The supreme court
affirmed the summary judgment, stating: "his causes of action under the Texas Insurance Code,
both independently and as pleaded through the DTPA, are barred by article 17.22 of the Texas
Insurance Code which exempted county mutual insurance companies from articles 21.21 and
21.21-2 at the time this suit was brought." Id. The phrase "at the time this suit was brought"
refers to the fact that the cause of action accrued prior to the 1981 amendments to article 17.22,
while the judgment was rendered well after. The statement also recognizes the changed situation
resulting from the 1981 changes to section 17.22.

 The legislature could have accomplished the purpose of removing the county mutual
exemption from the application of article 21.21 by simply listing article 21.21 by name in the
litany of statutes already contained in article 17.22. Instead, the legislature chose to change the
substantive language of the statute. By changing the language, the legislature reversed the
traditional county mutual presumption. Whereas before 1981, county mutuals were presumptively
exempt unless specifically listed in Chapter 17, the new language presumptively included county
mutuals in the application of any laws made applicable "by their specific terms" or "by other
Articles" of the Insurance Code.


"Laws as Made Applicable by their Specific Terms"

 State and County claims that, to overcome the exemption from insurance regulation
contained in article 17.22, any law must specifically refer to county mutuals as a class of insurance
carriers or be inapplicable to county mutuals. State and County argues that the phrase "specific
terms" requires each law to identify county mutuals by name. Because former article 21.79E(a)
instead refers to "any insurer," State and County argues that county mutuals remain exempt. We
disagree. To hold otherwise would essentially render the changed language of article 17.22 by
the 1981 amendments meaningless. Prompted by the supreme court in Jewell, the legislature did
not merely list article 21.21 as a specific exception to 17.22, as would have been perfectly
appropriate under the pre-1981 language of the exemption. Instead, the legislature curtailed the
exemption by including language that allowed each new statutory provision to apply to county
mutuals by its own terms.

 State and County argues that former article 21.79E(a) cannot refer to county
mutuals by its own terms with sufficient specificity because county mutuals are not listed by name. 
They argue that the statute does specifically mention inter-insurance exchanges, mutuals,
reciprocals, associations, and Lloyds by name, but fails to refer directly to county mutuals. We
believe, however, that "any insurer" means exactly what it says--that "any insurer" identifies
county mutuals, as well as every other insurer "who delivers, issues for delivery, or renews a
policy of motor vehicle insurance in this state." Moreover, the fact that the statute specifically
includes inter-insurance exchanges, mutuals, reciprocals, and Lloyds, cannot support State and
County's contention that these specific inclusions serve to exclude county mutuals. Former article
21.79E contains only terms of inclusion in referring to types of insurance companies within its
scope: "any insurer," "including," and "other insurer." The language of former article
21.79E(a) begins by referring to "any insurer," strengthens that reference with a string of specific
inclusions, (10) and ends with a final inclusive reference to "other insurers." This language clearly
incorporates State and County, and other county mutual insurance companies, with sufficient
specificity.

 Furthermore, no policy reason exists to justify exempting State and County from
the requirements of former article 21.79E. As with article 21.21, former article 21.79E provides
for the protection of insureds. By assuring that insurers must either initiate proceedings to recover
an insured's deductible or inform the insured otherwise, the statute seeks to protect consumers
from losing a cause of action for recovery of their deductibles due to the statute of limitations. 
Moreover, the creation of an action for the recovery of insureds' deductibles came at a time when
the legislature significantly amended the structure of insurance regulation. During this effort, the
legislature chose to specifically include county mutuals in insurance regulations from which they
had previously been exempt. This supports the inference that the legislature intended to increase,
not decrease, the regulation of county mutual insurance companies.

 Hidi further argues that it would be unreasonable and unjust to allow one class of
consumers to be open to unfair and prohibited practices simply because it happens to be insured
by a county mutual. We agree. To hold otherwise would re-create the situation addressed by the
supreme court in Jewell that prompted the 1981 amendments to article 17.22 and "deprive persons
who deal with county mutuals the protection . . . afforded persons who deal with other types of
insurance companies." Jewell, 566 S.W.2d at 295. With regard to the deductibles of insurance
consumers of this state, no material difference exists between county mutuals and other insurers
such that the insureds of county mutuals should be treated differently. We hold that article 17.22
does not exempt State and County from the application of former article 21.79E of the Insurance
Code.


1997 Amendments as "Repeal" of Hidi's Cause of Action

 State and County's second theory of non-liability concerns the 1997 amendments
to former article 21.79E of the Insurance Code. (11) State and County contends that because the
legislature amended the language of former article 21.79E and recodified it as article 21.79G
without providing for a savings clause, Hidi's cause of action was annulled. We disagree.

 Subsequent to the accrual of Hidi's cause of action, the legislature amended former
article 21.79E to restrict the policies and time periods applicable and increase the options available
to insurers in an action for the amount of an automobile insurance deductible. See Act of May 23,
1997, 75th Leg., R.S., ch. 939, § 1, 1997 Tex. Gen. Laws 2943-44 (Tex. Ins. Code Ann. art
21.79E, since recodified). The legislature also recodified this article. See Act of May 12, 1997,
75th Leg. R.S., ch. 200, § 2, 1997 Tex. Gen. Laws 1068-69 (Tex. Ins. Code Ann. art 21.79G,
effective September 1, 1997). Specifically, the amended statute allowed an insurer twelve months
or up to within 90 days of the expiration of the statute of limitations to either "bring an action"
or provide notice to the insured that the insurer would not pursue the action. See Tex. Ins. Code
Ann. art 21.79G(b), (c) (West Supp. 1999). The amendments also defined the phrase "bring an
action" to include options other than filing suit. Id. at § 21.79G(e).

 State and County seeks to define this alteration as a "repeal," because "the repeal
of a statute extinguishes any right that depends solely on the statute repealed, unless the repealing
act directly or by implication reserves the right." Aetna Ins. Co. v. Richardelle, 528 S.W.2d 280,
284 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.) (quoting 53 Tex. Jur. 2d Statutes,
§§ 113, 114). Hidi responds that the legislature only amended former article 21.79E to modify
the remedy; therefore, Hidi's cause of action remained intact. Moreover, any such amendment
was prospective only, and did not act to retroactively extinguish Hidi's cause of action. We agree
with Hidi's view of the amendment and recodification.

 Black's Law Dictionary distinguishes between a "repeal" and an "amendment." 
"'Repeal' of a law means its complete abrogation by the enactment of a subsequent statute,
whereas the 'amendment' of a statute means an alteration in the law already existing, leaving some
part of the original still standing." Black's Law Dictionary 1299 (6th ed., 1992). In defining the
scope of the cause of action, the amended statute now reads: "This article applies to any insurer
who delivers, issues for delivery, or renews a private passenger automobile policy of insurance in
this state, including an inter-insurance exchange, mutual, reciprocal, association, Lloyd's, or other
insurer." Tex. Ins. Code. Ann. art. 21.79G(a) (West Supp. 1999) (emphasis added to represent the
added language). Thus, the only material change substitutes "private passenger automobile" policy
for "motor vehicle" policy. This hardly abrogates Hidi's cause of action.

 Moreover, absent some express indication that the legislature intended to annul the
accrual of six years of causes of action under the former language, we are not persuaded by State
and County's argument that the lack of a savings clause nevertheless requires this result. See State
v. Williams & Mettle Co., 888 S.W.2d 162, 165 (Tex. App.--Austin 1994, writ denied) ("If the
legislature had wanted to grant retroactive relief . . . it could have done so."). Consequently, we
find that the 1997 amendments did not repeal former article 21.79E, and that a savings clause was
not necessary to preserve Hidi's cause of action.


CONCLUSION

 Having found former article 21.79E applicable to county mutual insurance
companies, and finding that the recodification of former article 21.79E did not abrogate Hidi's
cause of action, we reverse the trial court's grant of summary judgment and remand the cause to
that court for further proceedings consistent with this opinion.



 

 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Powers*

Reversed and Remanded

Filed: March 25, 1999

Publish





* Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The appellant class represented by Nehat Hidi and Michael Levine will hereinafter be
referred to collectively as "Hidi."
2. Subsequent to the filing of this suit, article 21.79E was amended and recodified as article
21.79G of the Insurance Code. See Tex. Ins. Code Ann. art. 21.79G (West Supp. 1999). The
amendment became effective on September 1, 1997. We will therefore refer to the statute in effect
prior to September 1, 1997 as "former article 21.79E," and to the recodified statute as "article
21.79G."
3. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, §§ 3.02, 3.03, 5.02, 5.03, 7.01,
11.03(a), 11.24, 11.105, 1991 Tex. Gen. Laws 939-1138.
4. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 1069
(Tex. Ins. Code Ann. art. 21.79E, since recodified).
5. The trial court failed to specify under which theory it was granting summary judgment. 
Therefore, we must review and affirm on either of State and County's theories of non-liability. 
See Weiner v. Wasson, 900 S.W.2d 316, 317 n.2 (Tex. 1995).
6. Chapter 17 of the Texas Insurance Code, entitled County Mutual Insurance Companies,
contains the statutes specific to county mutual insurance companies.
7. Article 21.21, entitled Unfair Competition and Unfair Practices declares as its purpose
"to regulate trade practices in the business of insurance in accordance with the intent of Congress
. . . by defining, or providing for the determination of, all such practices in this state which
constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting
the trade practices so defined or determined." Tex. Ins. Code Ann. art. 21.21, § 1 (West 1981).
8. Hidi cites (1) article 19.12 for the proposition that the legislature could have used the
language of the "reciprocal" exemption, which does require express mention by name to overcome
the general exemption, (2) article 5.13 for the proposition that the term "other insurer"
encompasses all generally exempt insurers which can be subject to insurance laws by the "specific
terms" of those insurance laws, including county mutuals, and (3) article 21.70 for the proposition
that the legislature intended to reserve some flexibility in the variety of language which could
make insurance laws applicable to county mutuals.
9. See Arnold v. National County Mut. Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987).
10. We observe that former article 21.79E, in its inclusionary list of types of insurers covered,
largely tracks the chapters included in the Insurance Code and specifically includes, inter alia, a
"mutual" insurer engaged in the business of motor vehicle insurance. (See Chapter 18- Lloyd's
Plan, Chapter 19- Reciprocal Exchanges, Chapters 11, 12, 13, 14, 15, 16, and 17- various forms
of mutual companies).
11. In an amicus brief, the Attorney General of Texas urges that, based upon "unequivocal
rulings" by Judge Meurer in a substantially similar lawsuit and upon the identical arguments, the
trial court could not have intended her summary judgment ruling to stand upon State and County's
"savings clause" argument. The Attorney General further contends that the lack of a savings
clause is immaterial for three separate and independent reasons: (1) the legislative intent and
history of the amendment establishes that the amendment was not intended to nullify six years of
violations of former article 21.79E; (2) former article 21.79E is not the type of statute which
requires a savings clause amendment; and (3) the Code Construction Act applies by its specific
terms and provides a general savings provision for the enforcement of former article 21.79E.



/STRONG>

Reversed and Remanded

Filed: March 25, 1999

Publish





* Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. The appellant class represented by Nehat Hidi and Michael Levine will hereinafter be
referred to collectively as "Hidi."
2. Subsequent to the filing of this suit, article 21.79E was amended and recodified as article
21.79G of the Insurance Code. See Tex. Ins. Code Ann. art. 21.79G (West Supp. 1999). The
amendment became effective on September 1, 1997. We will therefore refer to the statute in effect
prior to September 1, 1997 as "former article 21.79E," and to the recodified statute as "article
21.79G."
3. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, §§ 3.02, 3.03, 5.02, 5.03, 7.01,
11.03(a), 11.24, 11.105, 1991 Tex. Gen. Laws 939-1138.
4. See Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 1069
(Tex. Ins. Code Ann. art. 21.79E, since recodified).
5. The trial court failed to specify under which theory it was granting summary judgment. 
Therefore, we must review and affirm on either of State and County's theories of non-liability. 
See Weiner v. Wasso