Nehat HIDI and Michael Levine, Individually and on Behalf of all Similarly Situated Automobile Insurance Consumers in Texas, Appellants,

v.

STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY and Fireman's Fund County Mutual Insurance Company, Appellees.

No. 03–98–00292–CV.

Court of Appeals of Texas, Austin.

March 25, 1999.

Roger L. Mandel, Stanley, Mandel, & Iola, P.C., Dallas, for Appellant.

H. Robert Powell, Hughes & Luce, L.L.P., Austin, for Fireman's.

Michael Lowenberg, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, for State and County.

Before Justices KIDD, YEAKEL and POWERS.[*]

MACK KIDD, Justice.

Appellants Nehat Hidi and Michael Levine[1] brought suit on behalf of all similarly situated automobile insurance consumers in Texas for recovery of deductibles allegedly retained by the appellees, State and County

---

[*] Before John Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

1. The appellant class represented by Nehat Hidi and Michael Levine will hereinafter be referred to collectively as "Hidi."

Mutual Fire Insurance Company and Fireman's Fund County Mutual Insurance Company (collectively "State and County"), in violation of article 21.79E of the Texas Insurance Code. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 1069 (Tex. Ins.Code Ann. art. 21.79E, since recodified).[2] The trial court granted summary judgment in favor of State and County and denied Hidi's motion for partial summary judgment. Hidi presents two issues to this Court: (1) whether former article 21.79E applies to county mutual insurance companies; and (2) whether the amendment to former article 21.79E and recodification as article 21.79G destroyed Hidi's cause of action. We will reverse the summary judgment and remand the cause to the trial court for proceedings consistent with this opinion.

## BACKGROUND

The controversy in this cause concerns the historic exemption of county mutual insurance companies in Texas from most insurance regulation, and whether the legislature intended that exemption to shield State and County from the requirements of former article 21.79E of the Texas Insurance Code. Article 17.22, the county mutual exemption at issue in this appeal, states:

> County mutual insurance companies shall be exempt from the operation of all insurance laws of this state, *except such laws as are made applicable by their specific terms,* or as in this Chapter specifically provided. In addition to such other Articles as may be made to apply *by other Articles of this Code,* county mutual insurance companies shall be subject to [certain enumerated provisions.]

Act of May 28, 1981, 67th Leg., R.S., ch. 561, § 1, 1981 Tex. Gen. Laws 2298 (Tex. Ins. Code Ann. art. 17.22(a), since amended) (emphasis added).

**2.** Subsequent to the filing of this suit, article 21.79E was amended and recodified as article 21.79G of the Insurance Code. *See* Tex. Ins.Code Ann. art. 21.79G (West Supp.1999). The amendment became effective on September 1, 1997. We will therefore refer to the statute in effect prior to September 1, 1997 as "former article 21.79E," and to the recodified statute as "article 21.79G."

In 1991, the Texas Legislature extensively revised the Insurance Code, amending numerous existing statutes and creating new regulations and causes of action. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, §§ 1.01–13.36, 1991 Tex. Gen. Laws 939–1138. For the purposes of this appeal, two significant events occurred during this legislative effort: (1) the legislature specifically included county mutual insurance companies *by name* in regulations from which they had previously been exempt,[3] and (2) the legislature created a new consumer protection statute, entitled **Action for Amount of Deductible,** to safeguard the rights of insureds in the recovery of their deductibles under motor vehicle insurance policies.[4]

The new action for recovery of a deductible under former article 21.79E applied in situations where (1) an insured made a claim on his motor vehicle insurance policy, (2) the insurer was liable to the insured for the claim, (3) the claim was subject to a deductible payable by the insured, and (4) a third party was potentially liable to the insurer or the insured for the amount of the deductible. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 1069 (Tex. Ins.Code Ann. art. 21.79E, since recodified). In situations where it applied, former article 21.79E required the insurer, not later than six months after the date of the claim, to (1) bring an action against the potentially liable third party to recover the deductible, (2) pay the insured the amount of the deductible, or (3) notify the insured in writing that the insurer would not bring an action, and authorize the insured to bring such an action. *See id.* Where the insurer took none of these actions, it became liable to the insured for the amount of the deductible. *See id.*

As to its *specific terms,* former article 21.79E(a) provided:

**3.** *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, §§ 3.02, 3.03, 5.02, 5.03, 7.01, 11.03(a), 11.24, 11.105, 1991 Tex. Gen. Laws 939–1138.

**4.** *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 1069 (Tex. Ins.Code Ann. art. 21.79E, since recodified).

This article applies to *any insurer* who delivers, issues for delivery, or renews a policy of motor vehicle insurance in this state, *including* an inter-insurance exchange, a mutual, a reciprocal, association, Lloyds or *other insurer.*

Tex. Ins.Code Ann. art. 21.79E(a) (West Supp.1996) (emphasis added). Hidi argues that former article 21.79E refers to county mutual insurance companies with sufficient specificity to bring them within the requirements of the statute. The trial court disagreed and granted summary judgment in favor of State and County.[5] Hidi appeals.

### DISCUSSION

Before discussing the specific interaction between article 17.22 and former article 21.79E, it is helpful to first establish the historical context of the language in the county mutual exemption, specifically the case law leading up to the legislative amendment creating the current language of article 17.22 at issue in this appeal.

The original wording of the county mutual exemption stated:

> County mutual insurance companies shall be exempt from the operation of all insurance laws of this State, *except as in this Chapter specifically provided.* In addition to such Articles as may be made to apply by other Articles of this Chapter, county mutual insurance companies shall not be exempt from and shall be subject to all the provisions of Article 2.04 and of Article 2.05 and of Article 2.08 and of Article 2.10 and of Article 5.12 and of Article 5.37 and of Article 5.38 and of Article 5.39 and of Article 5.40 and of Article 5.49 and of Article 21.28B and of Article 70.64 of the Revised Civil Statutes of Texas.

Act of June 7, 1951, 52d Leg., R.S., ch. 49, § 1, art. 17.22(a), 1951 Tex. Gen. Laws 868,

1041 (Tex. Ins.Code Ann. § 17.22, since amended). Courts interpreted this statute to shield county mutual insurance companies from *all* insurance laws not listed by name in Chapter 17,[6] including remedial consumer statutes. *See Jewell v. Mobile County Mut. Ins. Co.,* 566 S.W.2d 295 (Tex.1978); *see also Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987); *Barrera v. Farmer's Tex. County Mut. Ins. Co.,* 643 S.W.2d 444, 446 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). In particular, *Jewell, Arnold,* and *Barrera* exempted county mutuals from the consumer protection policies contained in article 21.21 of the Insurance Code.[7] In a per curiam opinion the supreme court stated:

> The court of civil appeals was correct, under the law as it now stands, in holding that county mutual insurance companies are exempt from the provisions of Article 21.21 of the Texas Insurance Code. However, we call the attention of the Legislature to the fact that its failure to "specifically" subject county mutuals to Article 21.21, as required by Article 17.22, deprives persons who deal with county mutuals the protection against unfair and deceptive insurance acts or practices afforded to persons who deal with other types of insurance companies.

*Jewell,* 566 S.W.2d at 295 (emphasis added).

Effective September 1, 1981, the legislature amended article 17.22. New article 17.22 continued to generally exempt county mutual insurance companies from the operation of insurance laws, but expanded the exceptions to the exemption to include: (1) where insurance laws are made applicable to county mutual insurance companies by their specific terms, (2) as specifically provided in Chapter 17 of the Insurance Code, (3) as

---

**5.** The trial court failed to specify under which theory it was granting summary judgment. Therefore, we must review and affirm on either of State and County's theories of non-liability. *See Weiner v. Wasson,* 900 S.W.2d 316, 317 n. 2 (Tex.1995).

**6.** Chapter 17 of the Texas Insurance Code, entitled **County Mutual Insurance Companies**, contains the statutes specific to county mutual insurance companies.

**7.** Article 21.21, entitled **Unfair Competition and Unfair Practices** declares as its purpose "to regulate trade practices in the business of insurance in accordance with the intent of Congress ... by defining, or providing for the determination of, all such practices in this state which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined." Tex. Ins.Code Ann. art. 21.21, § 1 (West 1981).

made applicable by other articles of the Insurance Code, and (4) certain specifically enumerated provisions of the Insurance Code. *See* Act of May 28, 1981, 67th Leg., R.S., ch. 561, § 1, 1981 Tex. Gen. Laws 2298 (Tex.Ins.Code.Ann. art. 17.22(a), since amended). Thus, the legislature changed the substantive language of the county mutual exemption *in addition to* listing article 21.21 as specifically applying to county mutuals. The changes are significant. The pre–1981 county mutual exemption presumptively exempted county mutuals from all insurance regulations unless specifically listed in Chapter 17. The amended county mutual exemption, modified soon after the Texas Supreme Court gave notice in *Jewell* of the disproportionate effect of the exemption on the application of consumer protection laws, changed the focus of the county mutual exemption from specific listings inside Chapter 17 to the specific terms of individual insurance laws, wherever codified in the Insurance Code.

### Changing the Presumption

 Our analysis is bound by well-settled rules of statutory construction. Statutory construction is a question of law. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). The cardinal rule of statutory construction is to ascertain the legislature's intent, and to give effect to that intent. *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 280 (Tex.1994). When determining legislative intent, the court may look to the language of the statute, legislative history, the nature and object to be obtained, and the consequences that would follow from alternate constructions. *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 191 (Tex.App.—Fort Worth 1995, writ denied). In interpreting a statute, we shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy. Tex. Gov't Code Ann. § 312.005 (West 1998).

State and County and Hidi engage in a battle of minutae over the meaning and implication of numerous inclusive and exclusive phrases in various areas of the Insurance Code. State and County brings our attention to several articles in the Insurance Code also amended in 1991 along with former article 21.79E, that, unlike former article 21.79E, specifically identify "county mutual companies" by *name*, including articles 2.01, 5.75–1, 21.07, 21.49–2B, 21.49–2D, 21.49–3B, 21.55, 21.56, 21.58, and 21.71. *See* Act of May 27, 1991, 72d Leg., R.S., ch. 242, §§ 3.02, 3.03, 5.02, 5.03, 7.01, 11.03(a), 11.24, 11.105, 1991 Tex. Gen. Laws 939–1138. Hidi responds by citing other provisions in the Insurance Code that support an inference that the legislature failed to explicitly exempt county mutuals unless addressed by name in a statute because it intended county mutuals to be referenced by general terminology in specific statutes.[8]

We prefer, however, to analyze the situation from a broader context. We begin by noting that the legislature is less than uniform in its reference terminology; subsequent legislative sessions revise language of existing statutes and create prospective language for new statutes. The legislature creates laws of general application using general language. The specific language contained in the articles above cited by State and County differs from the general language contained in former article 21.79E because in 1991 article 21.79E was drafted as a new statute, and thus was not in need of alteration to achieve a specific purpose.

Prior to 1981, the legislature used general language in creating a presumptive exemption for county mutuals from insurance regulation, limiting it only by specific reference to laws as listed in Chapter 17. *Arnold* illustrates the sweeping generality of this exemption as interpreted by the courts.[9] In *Ar-*

---

**8.** Hidi cites (1) article 19.12 for the proposition that the legislature could have used the language of the "reciprocal" exemption, which does require express mention by name to overcome the general exemption, (2) article 5.13 for the proposition that the term "other insurer" encompasses all generally exempt insurers which can be subject to insurance laws by the "specific terms" of those insurance laws, including county mutuals,

and (3) article 21.70 for the proposition that the legislature intended to reserve some flexibility in the variety of language which could make insurance laws applicable to county mutuals.

**9.** *See Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987).

*nold,* the plaintiff sought to recover against his insurer, a county mutual, under both article 21.21 of the Texas Insurance Code and the Deceptive Trade Practices Act (the "DTPA") at section 17.46(a) of the Texas Business and Commerce Code. *See Arnold,* 725 S.W.2d at 167. The trial court denied both claims on summary judgment. The supreme court affirmed the summary judgment, stating: "his causes of action under the Texas Insurance Code, both independently and as pleaded through the DTPA, are barred by article 17.22 of the Texas Insurance Code which exempted county mutual insurance companies from articles 21.21 and 21.21–2 at the time this suit was brought." *Id.* The phrase "at the time this suit was brought" refers to the fact that the cause of action accrued prior to the 1981 amendments to article 17.22, while the judgment was rendered well after. The statement also recognizes the changed situation resulting from the 1981 changes to section 17.22.

The legislature could have accomplished the purpose of removing the county mutual exemption from the application of article 21.21 by simply listing article 21.21 by name in the litany of statutes already contained in article 17.22. Instead, the legislature chose to change the substantive language of the statute. By changing the language, the legislature reversed the traditional county mutual presumption. Whereas before 1981, county mutuals were presumptively exempt unless specifically listed in Chapter 17, the new language presumptively included county mutuals in the application of any laws made applicable "by their specific terms" or "by other Articles" of the Insurance Code.

*"Laws as Made Applicable by their Specific Terms"*

■ State and County claims that, to overcome the exemption from insurance regulation contained in article 17.22, any law must specifically refer to county mutuals as a class of insurance carriers or be inapplicable to county mutuals. State and County argues that the phrase "specific terms" requires each law to identify county mutuals by name. Because former article 21.79E(a) instead refers to "any insurer," State and County argues that county mutuals remain exempt. We disagree. To hold otherwise would essentially render the changed language of article 17.22 by the 1981 amendments meaningless. Prompted by the supreme court in *Jewell,* the legislature did not merely list article 21.21 as a specific exception to 17.22, as would have been perfectly appropriate under the pre–1981 language of the exemption. Instead, the legislature curtailed the exemption by including language that allowed each new statutory provision to apply to county mutuals by its own terms.

■ State and County argues that former article 21.79E(a) cannot refer to county mutuals by its own terms with sufficient specificity because county mutuals are not listed by name. They argue that the statute does specifically mention inter-insurance exchanges, mutuals, reciprocals, associations, and Lloyds by name, but fails to refer directly to county mutuals. We believe, however, that "any insurer" means exactly what it says—that "any insurer" identifies county mutuals, as well as every other insurer "who delivers, issues for delivery, or renews a policy of motor vehicle insurance in this state." Moreover, the fact that the statute specifically *includes* inter-insurance exchanges, mutuals, reciprocals, and Lloyds, cannot support State and County's contention that these specific inclusions serve to *exclude* county mutuals. Former article 21.79E contains only terms of *inclusion* in referring to types of insurance companies within its scope: "any insurer," "including," and "other insurer." The language of former article 21.79E(a) begins by referring to "any insurer," strengthens that reference with a string of *specific* inclusions,[10] and ends with a final inclusive reference to "other insurers." This language clearly incorporates State and County, and other county mutual insurance companies, with sufficient specificity.

---

10. We observe that former article 21.79E, in its inclusionary list of types of insurers covered, largely tracks the chapters included in the Insurance Code and specifically includes, *inter alia,* a "mutual" insurer engaged in the business of mo-

tor vehicle insurance. (*See* Chapter 18–Lloyd's Plan, Chapter 19–Reciprocal Exchanges, Chapters 11, 12, 13, 14, 15, 16, and 17–various forms of mutual companies).

Furthermore, no policy reason exists to justify exempting State and County from the requirements of former article 21.79E. As with article 21.21, former article 21.79E provides for the protection of insureds. By assuring that insurers must either initiate proceedings to recover an insured's deductible or inform the insured otherwise, the statute seeks to protect consumers from losing a cause of action for recovery of their deductibles due to the statute of limitations. Moreover, the creation of an action for the recovery of insureds' deductibles came at a time when the legislature significantly amended the structure of insurance regulation. During this effort, the legislature chose to specifically *include* county mutuals in insurance regulations from which they had previously been exempt. This supports the inference that the legislature intended to increase, not decrease, the regulation of county mutual insurance companies.

Hidi further argues that it would be unreasonable and unjust to allow one class of consumers to be open to unfair and prohibited practices simply because it happens to be insured by a county mutual. We agree. To hold otherwise would re-create the situation addressed by the supreme court in *Jewell* that prompted the 1981 amendments to article 17.22 and "deprive persons who deal with county mutuals the protection ... afforded persons who deal with other types of insurance companies." *Jewell,* 566 S.W.2d at 295. With regard to the deductibles of insurance consumers of this state, no material difference exists between county mutuals and other insurers such that the insureds of county mutuals should be treated differently. We hold that article 17.22 does not exempt State and County from the application of former article 21.79E of the Insurance Code.

### 1997 Amendments as "Repeal" of Hidi's Cause of Action

State and County's second theory of non-liability concerns the 1997 amendments to former article 21.79E of the Insurance Code.[11] State and County contends that because the legislature amended the language of former article 21.79E and recodified it as article 21.79G without providing for a savings clause, Hidi's cause of action was annulled. We disagree.

Subsequent to the accrual of Hidi's cause of action, the legislature amended former article 21.79E to restrict the policies and time periods applicable and increase the options available to insurers in an action for the amount of an automobile insurance deductible. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 939, § 1, 1997 Tex. Gen. Laws 2943–44 (Tex. Ins.Code Ann. art 21.79E, since recodified). The legislature also recodified this article. *See* Act of May 12, 1997, 75th Leg. R.S., ch. 200, § 2, 1997 Tex. Gen. Laws 1068–69 (Tex. Ins.Code Ann. art 21.79G, effective September 1, 1997). Specifically, the amended statute allowed an insurer twelve months or up to within 90 days of the expiration of the statute of limitations to either "bring an action" or provide notice to the insured that the insurer would not pursue the action. *See* Tex. Ins.Code Ann. art 21.79G(b), (c) (West Supp.1999). The amendments also defined the phrase "bring an action" to include options other than filing suit. *Id.* at § 21.79G(e).

State and County seeks to define this alteration as a "repeal," because "the repeal of a statute extinguishes any right that depends solely on the statute repealed, unless the repealing act directly or by implication reserves the right." *Aetna Ins. Co. v. Richardelle,* 528 S.W.2d 280, 284 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n.r.e.) (quoting 53 Tex. Jur.2d *Statutes,* §§ 113, 114). Hidi responds that the legislature only

---

**11.** In an amicus brief, the Attorney General of Texas urges that, based upon "unequivocal rulings" by Judge Meurer in a substantially similar lawsuit and upon the identical arguments, the trial court could not have intended her summary judgment ruling to stand upon State and County's "savings clause" argument. The Attorney General further contends that the lack of a savings clause is immaterial for three separate and independent reasons: (1) the legislative intent and history of the amendment establishes that the amendment was not intended to nullify six years of violations of former article 21.79E; (2) former article 21.79E is not the type of statute which requires a savings clause amendment; and (3) the Code Construction Act applies by its specific terms and provides a general savings provision for the enforcement of former article 21.79E.

amended former article 21.79E to modify the *remedy;* therefore, Hidi's *cause of action* remained intact. Moreover, any such amendment was prospective only, and did not act to retroactively extinguish Hidi's cause of action. We agree with Hidi's view of the amendment and recodification.

*Black's Law Dictionary* distinguishes between a "repeal" and an "amendment." " 'Repeal' of a law means its complete abrogation by the enactment of a subsequent statute, whereas the 'amendment' of a statute means an alteration in the law already existing, leaving some part of the original still standing." *Black's Law Dictionary* 1299 (6th ed., 1992). In defining the scope of the cause of action, the amended statute now reads: "This article applies to any insurer who delivers, issues for delivery, or renews *a private passenger automobile policy* of insurance in this state, including an inter-insurance exchange, mutual, reciprocal, association, Lloyd's, or other insurer." Tex. Ins. Code. Ann. art. 21.79G(a) (West Supp.1999) (emphasis added to represent the added language). Thus, the only material change substitutes "private passenger automobile" policy for "motor vehicle" policy. This hardly abrogates Hidi's cause of action.

Moreover, absent some express indication that the legislature intended to annul the accrual of six years of causes of action under the former language, we are not persuaded by State and County's argument that the lack of a savings clause nevertheless requires this result. *See State v. Williams & Mettle Co.,* 888 S.W.2d 162, 165 (Tex.App.—Austin 1994, writ denied) ("If the legislature had wanted to grant retroactive relief ... it could have done so."). Consequently, we find that the 1997 amendments did not repeal former article 21.79E, and that a savings clause was not necessary to preserve Hidi's cause of action.

### CONCLUSION

Having found former article 21.79E applicable to county mutual insurance companies, and finding that the recodification of former article 21.79E did not abrogate Hidi's cause. of action, we reverse the trial court's grant of summary judgment and remand the cause to that court for further proceedings consistent with this opinion.