FIREMAN'S FUND COUNTY MUTUAL INSURANCE COMPANY and State and County Mutual Fire Insurance Company, Petitioners,

v.

Nehat HIDI and Michael Levine, individually and on behalf of all similarly situated automobile insurance consumers in Texas, Respondents.

No. 99-0416.

Supreme Court of Texas.

Feb. 10, 2000.

Robert H. Powell, Austin, Michael Lowenberg, Dallas, Michael S. Truesdale, Jason Matthew Panzer, Austin, Michael Scott Barnard, Amy Kristin Bock, Dallas, for Petitioner.

Roger L. Mandel, Frederick M. Baron, Michelle Heron Galindo, Steve Baughman, Marc R. Stanley, Dallas, for Respondents.

PER CURIAM.

The issue in this case is whether former Insurance Code article 21.79E, which gave insureds a right to recover deductibles from automobile insurance carriers, applies to county mutual insurance companies. The Insurance Code provides that such companies are exempt from all insurance laws except certain enumerated statutes and "such laws as are made applicable by their specific terms." TEX. INS. CODE art. 17.22(a) (Supp.2000). Because former article 21.79E does not refer to county mutual insurance companies by its "specific terms," we hold that it does not apply to them. We therefore reverse the judgment of the court of appeals. 988 S.W.2d 441.

\* \* \*

Nehat Hidi and Michael Levine brought this class action under former article 21.79E of the Insurance Code to recover deductibles that Fireman's Fund County Mutual Insurance Company and State and County Mutual Fire Insurance Company

allegedly retained. This statute applied when (1) an insured made a claim on his or her motor vehicle insurance policy, (2) the insurer was liable to the insured for the claim, (3) the claim was subject to a deductible paid by the insured, and (4) a third party was potentially liable to the insurer or the insured for the deductible. *See* Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.32, 1991 Tex. Gen. Laws 939, 1069 (since amended and recodified at TEX. INS.CODE art. 21.79G)("former article 21.79E").[1] If these conditions applied, the insurer was required, not later than six months after the date of the claim, to (1) bring an action against the potentially liable third party, (2) pay the insured the amount of the deductible, or (3) notify the insured in writing that the insurer would not bring such an action and authorize the insured to bring such an action. *Id.* Failure to take one of these steps in the required time period made the insurer liable for the deductible. The insurers moved for summary judgment on multiple grounds, including that former article 21.79E did not apply to county mutuals. The district court granted the insurers' motion, and the insureds appealed. The court of appeals reversed and remanded. 988 S.W.2d at 448.

Historically, only Chapter 17 of the Insurance Code has governed county mutual insurance companies, and such companies have been exempt from most laws outside that chapter. Article 17.22, the county mutual exemption, states in relevant part:

County mutual insurance companies shall be exempt from the operation of all insurance laws of this state, *except such laws as are made applicable by their specific terms* or as in this Chapter specifically provided. In addition to such other Articles as may be made to apply by other Articles of this Code, county mutuals shall be subject to: [certain enumerated provisions.]

TEX. INS.CODE art. 17.22(a) (Supp.2000)(emphasis added). For a statute to apply to county mutuals, it must either (1) be enumerated within article 17.22, or (2) be "made applicable [to county mutuals] by [its] specific terms." *Id.* Even if a statute would otherwise govern county mutuals, it will not apply to them if it does not satisfy either of these requirements. *See State v. The Praetorians*, 143 Tex. 565, 186 S.W.2d 973, 976 (1945)(exemption trumps generally applicable statute).

Former article 21.79E's application section does not refer to county mutuals by name, but instead states that it applies to *"any insurer ... including an interinsurance exchange, mutual, reciprocal, association, Lloyd's, or other insurer."*[2] Former article 21.79E(a) (emphasis added). The court of appeals held that because county mutuals could be included within the classes of "any insurer" or "other insurer," former article 21.79E applied to county mutuals despite the exemption. 988 S.W.2d at 446. Article 17.22's plain language leads us to the opposite conclusion.

 When interpreting statutes, we attempt to give effect to the Legislature's intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). In doing so, we look first to the

1. In 1997, the Legislature amended article 21.79E and recodified it as article 21.79G. *See* Act of May 21, 1997, 75th Leg., R.S., ch. 200, § 2, 1997 Tex. Gen. Laws 1068, 1069 (recodification); Act of June 18, 1997, 75th Leg., R.S., ch. 939, § 1, 1997 Tex. Gen. Laws 2943, 2943–44 (amendment). Because our holding that former article 21.79E does not apply to county mutual insurance companies disposes of this case, we do not reach the insurers' argument that the 1997 amendments repealed all causes of action based on the former article.

2. Mutuals, which are governed primarily by Insurance Code Chapter Fifteen, are different from county mutuals, which are governed primarily by Chapter Seventeen. This distinction is apparent in the many Insurance Code provisions that refer to both "mutuals" and "county mutuals." *See, e.g.,* TEX. INS.CODE arts. 21.07–7, § 2(5); 21.49–3b, § 2(3); 21.71 (Supp.2000).

plain meaning of the statute's words. *Id.* Article 17.22's plain language states that, aside from those statutes already enumerated in that article, only "such laws as are made applicable by their specific terms" apply to county mutuals. Thus, unless an unenumerated statute expressly incorporates county mutuals, it does not apply to them. Had the Legislature intended for statutes referring generally to "any insurer" to apply to county mutuals, it would not have included the "specific terms" requirement. Because former article 21.79E only refers to insurance companies in general and does not refer to county mutuals by "specific terms," the court of appeals erred in holding that the statute applied to county mutuals.

■ The Legislature's specific references to county mutuals, either by name or by reference to Chapter 17, in other Insurance Code provisions also support our conclusion that county mutuals are not subject to former article 21.79E. *See* TEX. INS.CODE arts. 21.07–7; 21.49–2B; 21.49–3b; 21.49–2D; 21.55; 21.56; 21.70; 21.71 (Supp. 2000). In contrast, former article 21.79E's application section specifically lists many types of insurers, but excludes county mutuals. *See* former article 21.79E(a). When the Legislature has employed a term in one section of a statute and excluded it in another, we presume that the Legislature had a reason for excluding it. *See Smith v. Baldwin,* 611 S.W.2d 611, 616 (Tex.1980). That the Legislature omitted any reference to county mutuals in former article 21.79E thus leads us to conclude that the Legislature did not intend for this provision to apply to county mutuals.

Respondents assert, and the court of appeals agreed, that applying article 17.22 in this way would unfairly deprive those covered by county mutual insurers of the benefits of former article 21.79E. 988 S.W.2d at 447. That may be true, but it is not our function to revise the Legislature's policy choices. *See Lee v. City of Houston,* 807 S.W.2d 290, 293 (Tex.1991); *Jones v. Del Andersen & Assocs.,* 539 S.W.2d 348, 351 (Tex.1976). For example, we applied this principle in construing an earlier version of article 17.22. *See Jewell v. Mobile County Mut. Ins. Co.,* 566 S.W.2d 295, 295 (Tex.1978)(per curiam). At that time, article 17.22's plain language precluded applying article 21.21, which provides insureds protection against unfair and deceptive trade practices, to county mutuals. *Id.*[3] Although the Court expressly noted that exempting county mutual insurance companies from article 21.21 was unfair, we nevertheless enforced the statute as it was then written. *Id.; see also Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). We must do likewise here.

Accordingly, we grant Fireman's Fund's and State and County's Petitions for Review and, without argument, reverse the judgment of the court of appeals and render judgment that the insureds take nothing. *See* TEX.R.APP. P. 59.1.

Justice HANKINSON did not participate in the decision.

---

**3.** The 1981 amendments to article 17.22 specifically made article 21.21 applicable to county mutuals. *See* Act of May 28, 1981, 67th Leg., R.S., ch. 561, § 1, 1981 Tex. Gen. Laws 2298.