# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00594-CV

**ICAN Enterprise, Inc., dba ICAN Aviation; Michael Zucker, President; and Naomi Zucker, Vice President, Appellants**

**v.**

**Williamson County Appraisal District and Williamson County Appraisal Review Board, Appellees**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 03-972-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

ICAN Enterprise dba ICAN Aviation and two of the corporation's officers, Michael Zucker and Naomi Zucker, (cumulatively "ICAN") objected to the Williamson County Appraisal District's ("Appraisal District") decision to impose a property tax on ICAN. *See* Tex. Tax Code Ann. § 6.01 (West 2008) (establishing appraisal districts for taxing purposes). The Williamson County Appraisal Review Board ("Review Board") upheld the Appraisal District's determination. *See id.* § 41.01 (West 2008) (explaining duty of appraisal review boards). ICAN sought review in the district court, and the district court upheld the Review Board's determination. ICAN appeals the district court's judgment, and we will affirm the judgment of the district court.

**BACKGROUND**

This dispute arose from the decision by the Appraisal District to impose a property tax on ICAN. From 2002 to 2004, ICAN leased aircraft hangars from the City of Georgetown that were located on the Georgetown Municipal Airport for the purpose of storing several planes.

Section 11.11 of the tax code specifies that "property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes," *id*. § 11.11 (West 2008); *see* Tex. Const. art. XI, § 9, and therefore may not be listed on local appraisal rolls. On the other hand, leaseholds in exempt property generally may be taxed and listed in appraisal rolls. Tex. Tax Code Ann. § 25.07(a) (West 2008).[1] However, with certain exceptions not applicable to this case, leaseholds in exempt property may not be taxed or listed in appraisal rolls if "the property is part of a public transportation facility owned by an incorporated city or town and . . . is . . . a building used primarily for . . . aircraft equipment storage." *Id.* § 25.07(b)(3)(A) (West Supp. 2008).

In 2002, the Appraisal District began including ICAN's hangar leases in its tax appraisal records, meaning that ICAN was responsible for any taxes imposed.[2] Essentially, the

---

[1] This provision states that a leasehold interest in exempt property must be listed on appraisal roles provided that "the duration of the interest may be at least one year." Tex. Tax Code Ann. § 25.07(a) (West 2008). The leases at issue in this case were both month-to-month leases, but both lasted for more than one year. On appeal, ICAN does not assert that the one-year requirement had not been met.

[2] In general, when property is leased, the lessor is responsible for the taxes imposed on the property. *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 875 (Tex. 1990). However, in circumstances in which tax-exempt property is leased, the tax code requires the lessee to pay the taxes imposed. *See* Tex. Tax Code Ann. §§ 23.13 (explaining that leasehold in "property that is exempt from taxation to the owner" of property is appraised at market value of leasehold), 25.07(a) (West 2008) (stating that leasehold in "property that is exempt from taxation to owner" of property is listed in appraisal rolls in lessee's name); *see also County of Dallas Tax*

Appraisal District concluded that ICAN's leases do not qualify for the "aircraft equipment storage" exemption. *See id.* § 25.07(b)(3)(A). ICAN objected to that decision and appealed to the Review Board. After hearing ICAN's arguments, the Review Board agreed with the Appraisal District's decision. ICAN paid the taxes under protest and appealed the Review Board's determination to the district court. The district court upheld the Review Board's determination, and ICAN then appealed to this Court.

## STANDARD OF REVIEW

The issues raised in this appeal involve statutory construction, which is a question of law that is reviewed de novo. *See Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied). In construing a statute, we must ascertain the legislature's intent in enacting the statute. *Fleming Foods v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999). In making this determination, courts should look to the plain meaning of the words used in the statute. *See Fireman's Fund County Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768-69 (Tex. 2000). We presume that every word was deliberately chosen and that excluded words were left out on purpose. *USA Waste Servs.*, 150 S.W.3d at 494. In determining legislative intent, we must read the language contained in the statute in context and in light of its common meaning. Tex. Gov't Code Ann. § 311.011(a) (West 2005). Further, we must read the statutory provision in light of the entire statute. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

---

*Collector v. Roman Catholic Diocese*, 41 S.W.3d 739, 744 (Tex. App.—Dallas 2001, no pet.) (explaining that under subsection 25.07(a), lessee, not property owner, is responsible for taxes imposed).

**DISCUSSION**

ICAN raises three related issues, which we will address together. ICAN argues that it is not subject to local taxation because its interest in the hangars is exempt from taxation under subsection 25.07(b)(3)(A). As described previously, that provision provides, in relevant part, that "a leasehold . . . interest in exempt property may not be listed" on local tax records if "the property is part of a public transportation facility owned by an incorporated city or town and . . . is . . . a building used primarily for . . . aircraft equipment storage." Tex. Tax Code Ann. § 25.07(b)(3)(A).[3] In this case, the parties stipulated that the City of Georgetown owns the hangars and that the City of Georgetown's interest in the hangars is tax exempt. As support for its assertion that its interest in the hangars is exempt from taxation, ICAN relies on various dictionary definitions for the terms "hangar," "aircraft," "device," "vehicle," and "equipment" and on several federal aviation regulations.

The definitions for "aircraft" relied upon by ICAN state that an "aircraft" is "a *vehicle* (as an airplane or balloon) for traveling through the air," *see Merriam Webster Online Dictionary* available at www.merriam-webster.com (emphasis added), and that an "aircraft" is "a device that is used or intended to be used for flight in the air," *see* Federal Aviation Regulations,

---

[3] The provision also exempts buildings "used primarily for maintenance of aircraft or other aircraft services . . . or for air cargo." Tex. Tax Code Ann. § 25.07(b)(3)(A) (West 2008). In its brief, ICAN focuses its arguments on the "aircraft equipment storage" portion and does not assert that the maintenance, services, or cargo portions are applicable to this case. Moreover, during trial, ICAN's president testified that ICAN's business consisted of "flight instruction and aircraft storage" and specified that ICAN was "not in the air cargo business" or involved in aircraft maintenance.

14 C.F.R. § 1.1 (2008) (emphasis added).[4] ICAN also refers to a definition of "device" as meaning "a piece of *equipment* . . . designed to serve a special purpose or perform a special function" and to a definition of "vehicle" as "a piece of mechanized *equipment*." *See Merriam Webster Online Dictionary* (emphases added).

In light of these definitions, ICAN asserts that an "aircraft" is a "device" and that "devices" are "equipment." Further, ICAN contends that an "aircraft" is a "vehicle" and that "vehicles" are "equipment." In light of these assertions, ICAN argues that an "aircraft" is "equipment" and that "aircraft equipment," therefore, includes "aircraft." Because the tax code exempts from taxation the leasing of buildings used for "aircraft equipment storage," *see* Tex. Tax Code Ann. § 35.07(b)(3)(A), ICAN insists that its leases are exempt because hangars are buildings used for storing aircraft, *see Merriam Webster Online Dictionary*, meaning that hangars are buildings used for storing "aircraft equipment." In addition, ICAN argues that its construction is supported by the Federal Aviation Regulations, which according to ICAN, equate "aircraft" with "aircraft equipment."

We disagree with ICAN for several reasons. First, as a preliminary matter, we note that this case involves a tax exemption and that tax exemptions are strictly construed against the taxpayer. *See Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 872

---

[4] Although the portion of the tax code at issue in this case does not define "aircraft," definitions for this term are found in other statutory provisions. *See, e.g.*, Tex. Ins. Code Ann. § 494.001(a) (West 2008) (defining "aircraft" as "an object that is capable of . . . moving through the atmosphere, regardless of whether the object is powered or tethered . . . and . . . lifting the weight of the object and an additional payload"); Tex. Parks & Wild. Code Ann. § 12.101 (West 2002) (explaining that "aircraft" means "a device, including an airplane, ultralight airplane, or helicopter, that can be used for flight in the air"); Tex. Transp. Code Ann. § 24.001(1) (West 1999) (defining "aircraft" as "a device that is invented, used, or designated for air navigation or flight, other than a parachute or other device used primarily as safety equipment").

(Tex. App.—Austin 2002, pet. denied). For this reason, taxpayers have the burden of proving that the exemption applies, *see North Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991), and all doubts are resolved against the taxpayer, *Jim Wells County Appraisal Dist. v. Cameron Village, Ltd.*, 238 S.W.3d 769, 772 (Tex. App.—San Antonio 2007, pet. filed).

Second, the buildings at issue in this case were used to store whole aircraft. The tax code does not exempt buildings used for aircraft storage; instead, section 25.07(b)(3)(A) exempts buildings "used primarily for" "aircraft equipment storage." Tex. Tax Code Ann. § 25.07(b)(3)(A). Although ICAN attempts to encompass whole aircraft within the phrase "aircraft equipment" by stringing together various definitions, ICAN's construction encompasses too much. Although an "aircraft," on its own, may qualify as "equipment" under the common meaning of those terms, it does not necessarily follow that an aircraft would fall within the meaning of the phrase "aircraft equipment." To the contrary, the legislature's decision to pair "aircraft" with "equipment" inherently limits the type of equipment that qualifies under this exemption to that type of equipment used in the creation of aircrafts or used in conjunction with aircraft for the purpose of allowing the aircraft to properly function. *Cf. Webster's New Collegiate Dictionary* 386 (1st ed. 1973) (defining "equipment" as "the set of articles or physical resources serving to equip a person or thing: as . . . the implements used in an operation or activity"); *Merriam Webster Online Dictionary* (same). This same type of pairing can be found in phrases like "auto parts" or "game equipment." The common meaning of those phrases do not encompass whole automobiles or actual games. *See Dictionary.com available at* www.dictionary.com (defining "auto part" as "a component of an automobile" and "game

6

equipment" as "equipment or apparatus used in playing a game"). We must not read the statute in a manner that exceeds the intent of the legislature, particularly when the statute at issue is a tax-exemption statute and when the construction would exempt more taxpayers than specifically authorized by the legislature.

Third, the manner in which the legislature, in other statutory provisions, addresses aircraft as well as the equipment used in conjunction with aircraft and aircraft components also supports the conclusion that the legislature did not intend to include entire aircraft within the phrase "aircraft equipment." For example, the portion of the tax code governing sales taxes exempts certain aircraft from taxation but also separately exempts "equipment" "used or consumed exclusively in the repair, remodeling, or maintenance of aircraft." *See* Tex. Tax Code Ann. § 151.328(a), (d) (West 2008); *see also id.* § 162.115 (j), (k) (West 2008) (listing "aircraft" and "aircraft servicing equipment" separately). Similarly, the transportation code distinguishes between "aircraft" and "aircraft-related . . . property, including . . . equipment." Tex. Transp. Code Ann. § 22.087 (West 1999); *see also id.* § 22.011(b)(1)(C) (West 1999) (listing both "aircraft" and "equipment . . . . related to air transportation").

Finally, although ICAN asserts that the federal aviation regulations equate "aircraft" and "aircraft equipment," the provision ICAN cites to does not support that proposition. In particular, the provision defines "[j]ustifiable aircraft equipment" as "any equipment necessary for the operation of the aircraft." *See* Federal Aviation Regulations, 14 C.F.R. § 119.3 (2008). Rather than equating the two phrases, this provision distinguishes equipment used for the operation of an aircraft from the

7

actual aircraft itself. In other words, this provision supports our conclusion that the phrase "aircraft equipment" does not include entire aircraft.

For these reasons, we overrule ICAN's issues on appeal.[5]

## CONCLUSION

Having overruled ICAN's issues on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson
  Chief Justice Law Not Participating

Affirmed

Filed: April 17, 2009

---

[5] In its brief, ICAN also challenges various determinations made by the district court in its findings and conclusions. However, the only challenge made to those determinations is that the district court improperly concluded that the phrase "aircraft equipment" does not include whole aircraft and then improperly applied that conclusion in its various determinations. Having upheld that conclusion, we need not address the challenges to the individual findings and conclusions.