## ORMES v. QUINN et al.
### No. 3613.

Court of Civil Appeals of Texas. El Paso.
Jan. 27, 1938.

J. A. Ward, of Mt. Pleasant, for plaintiff in error.

W. A. Kennedy and W. Clyde Hull, both of Pittsburg, and J. H. Beavers, of Longview, for defendants in error.

WALTHALL, Justice.

On the 8th day of November, 1932, plaintiff in error, A. E. Ormes, was elected to the office of constable of precinct No. 1 of Camp county, Tex., and qualified as constable on January 1, 1933. On the 10th day of October, 1933, a petition was filed in the district court of Camp county by the district attorney, joined by the county attorney of Camp county, in the name of the state of Texas, upon the relation of O. L. Phillips, wherein plaintiff in error was charged with offenses and misconduct in office authorizing his removal from office. The petition was attempted to be verified as follows.

"State of Texas, County of Camp.

"I, the undersigned O. L. Phillips, after being duly sworn, state on my oath that the facts set forth in the above and foregoing petition, in which I am the relator, is true to the best of my knowledge and belief."

The petition was subscribed and sworn to before the district clerk of Camp county.

The petition was presented to the Honorable I. N. Williams, judge of the district court of Camp county, on October 17, 1933; the judge entered an order that citation accompanied by a certified copy of the petition be served upon plaintiff in error, which was done.

Thereafter the said district and county attorneys made their motion in the cause, in which motion they represented that a petition had been filed in said court against A. E. Ormes wherein he was charged with official misconduct and a prayer that an order be entered suspending him from office of constable during the pendency of the ouster proceedings and so long as there is indictment pending against him charging a felony.

The district judge entered an order suspending Ormes from office "during the pendency of the above styled and numbered cause." In the same order the judge

appointed W. S. Quinn as constable pro tem, and fixed his official bond at $500, on his qualifying. Quinn qualified, his bond was approved, with W. A. Kennedy, W. M. Hull, and C. H. McCluer, as sureties, on October 21, 1933, and Quinn entered upon the duties of the office under said appointment. The record does not disclose Ormes' answer to the removal suit other than a general demurrer. The case was submitted to the court at the October term, 1935, when the court sustained Ormes' general demurrer, and gave the relator plaintiff leave to amend and apparently continued the case, or took it under advisement. The removal suit was never tried on its merits, but at the October term, 1936, of the district court of Camp county, the relator having refused to amend, the suit was by order of the court dismissed from the docket of said court, Ormes' term of office having then expired.

The present suit was brought by A. E. Ormes as plaintiff against W. S. Quinn and against W. A. Kennedy, W. M. Hull, and C. H. McCluer, as defendants, on Quinn's official bond as sureties, to recover the value of the fees which he alleges he could and would have received during his term of office as constable had he not been wrongfully removed from office.

By an exhibit filed in the suit plaintiff itemizes the cases tried and disposed of showing the constable fees collected and not collected, and for which he sues.

To plaintiff in error's suit defendants answer by general demurrer and general denial.

The court sustained defendants' general demurrer, and plaintiff having refused to amend, the suit was dismissed and plaintiff prosecutes this appeal by writ of error.

## Opinion.

Plaintiff in error filed assignments of error, and thereunder presents propositions to the effect that the removal petition alleging grounds for removal of a public officer shall be sworn to at or before its filing, article 5977, and that the removal petition in this case was not verified as required by the statutes, and that the statute being penal in its nature, the removal order of the court on the unverified petition was void.

The verification of the petition for the removal of plaintiff from the office of constable being true only to the best knowledge and belief of the relator, the trial judge held on a hearing that the petition was not sufficiently verified and dismissed the removal suit. The trial court, on the state's motion, issued an order suspending plaintiff from office pending the hearing on the removal petition, and appointed Quinn to serve as constable pending such hearing.

In this suit plaintiff alleges that he was removed from the office, and that is the character of suit now before us.

Defendants in error object to a consideration by this court of plaintiff in error's propositions because they do not comply with the rules for briefing, in that they present only abstract propositions of law.

We have concluded to consider the sufficiency of the petition as against the general demurrer. There is, however, some confusion in the record as alleged in plaintiff in error's petition as to the proceedings had in the removal suit, in that the record, in fact and as pleaded, shows that no trial was had in the removal suit and that no order, judgment, or decree of removal was ever rendered or entered, but instead the record as pleaded affirmatively shows that the trial court, on the state's motion, under article 5982 of the statute, temporarily suspended Ormes from the office and appointed Quinn to serve in his stead, and later sustained a demurrer to the relator's petition and dismissed the removal suit.

However, considering plaintiff in error's petition independent of the above matters, we have concluded that it is subject to the demurrer. The temporary order of suspension as entered by the trial court is interlocutory, is in no sense the same thing as a removal, and is not a final judgment or decree of removal from office. Griner v. Thomas, 101 Tex. 36, 104 S.W. 1058, 16 Ann.Cas. 944.

Former article 6049, Rev.St.1911, and our present article 5982, of the Statute, provides that on a temporary suspension from office, the judge may appoint for the time being some other person to discharge the duties of the office, and that the person appointed shall execute a bond in such sum as the judge shall name, with at least two sureties, and on such condition as the judge may see fit to impose, to pay the person so suspended from office all damages and costs that he may have

sustained by reason of such suspension from office, "in case it should appear that the cause or causes of removal are insufficient or untrue."

The bond pleaded by plaintiff in error is in the usual form of such bonds and obligates Quinn to pay to Ormes all damages and costs that he may sustain by reason of suspension from office "in case it should appear that the cause or causes of removal are insufficient or untrue, then this obligation to be void."

Defendants in error submit that, Ormes not having been wrongfully removed from office in the removal proceedings, the only other ground for recovery would be by alleging and proving that the grounds for suspension were insufficient or untrue, and Ormes not having been removed but temporarily suspended, and the bond sued on having been given under the suspension order, the petition was demurrable in that it does not allege that the grounds for suspension were insufficient or untrue.

■ The general rule seems to be that in an action on a bond the petition must allege all facts essential to the statement of a cause of action.

The petition here sets out the bond in full. By the terms of the bond the liability for damages and costs assumed is such as Ormes may sustain by reason of such suspension from office in case it should appear that the cause or causes of removal are insufficient or untrue, then this obligation to be void. The petition does not allege that it was made to appear, either in the removal proceedings or in a cross-action, that the cause or causes of removal were insufficient or untrue; nor does the petition tender the issue that the cause or causes of removal are insufficient or untrue. When it has been determined that the cause or causes as charged in the removal are insufficient or untrue, plaintiff's cause of action then arises. We think that when the cause or causes for removal have not been tried or decided but the removal dismissed, in a suit for damages under such circumstances, the question of the insufficiency or falsity of the cause for removal becomes an issue.

■ We must read the law for removal of the officer from the office into the case. The burden of showing liability on the bond is on the plaintiff in error. It certainly cannot be the rule that simply giving the bond and the dismissal of the

removal suit for want of sufficient verification of the petition would show a liability under the terms of the bond; nor would the burden be on the defendants in error to show that the cause or causes of removal, as stated in the removal petition, were sufficient or true, to relieve from liability.

We have found no case directly in point, but have concluded from what we have said that the court was not in error in sustaining the demurrer.

The case is affirmed.