**DENIED; and Opinion Filed May 31, 2013.**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00022-CV**

**IN RE: DERICK DEWAYNE EVANS, Relator**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-10-01193-W**

**OPINION**

Before Justices Moseley, Francis, and Fillmore
Opinion by Justice Moseley

We deny relator's motion for reconsideration. On the Court's own motion, we withdraw our opinion of February 13, 2013, and vacate our order of the same date. The following is now the opinion of the Court.

Derick Dewayne Evans served as a Dallas County constable until he was removed from office after a jury convicted him of a felony offense. He seeks a writ of mandamus ordering the trial court to vacate three orders whereby it suspended him from office during the course of the appeal of his conviction, appointed another person to perform his duties, and denied a motion for rehearing. We deny Evans's petition for mandamus, and we deny his motion for rehearing.

**STANDARD OF REVIEW**

Mandamus is appropriate if Evans establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *See In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails

to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

**APPLICABLE LAW**

Before we address the issues presented, we review the law generally applicable to the removal proceedings involved here. Chapter 87 governs the removal or suspension of certain government officials from office; subchapter B of chapter 87 provides for removal of an officer by petition and trial on non-criminal grounds, *see* TEX. LOC. GOV'T CODE §§ 87.011-87.019 (West Supp. 2012), while subchapter C addresses removal by criminal conviction involving official misconduct, s*ee id.* §§ 87.031-.032.[1] Section 87.031, located in subchapter C, provides that a felony or misdemeanor conviction involving official misconduct "operates as an immediate removal from office for that officer." *Id*. § 87.031(a). In that event, the trial court "shall include an order removing the officer in the judgment." *Id.* § 87.031(b). However, if the officer appeals his conviction,

> the appeal supersedes the order of removal unless the court that renders the judgment finds that it is in the public interest to suspend the officer pending the appeal. If the court finds that the public interest requires suspension, the court shall suspend the officer *as provided by this chapter*.

*Id.* § 87.032 (emphasis added).

The only other suspension provision "provided by this chapter" is that found section 87.017, dealing with the suspension of an officer *pending trial* for removal based on non-criminal grounds. Section 87.017 states:

---

[1] We note Subchapter A, entitled General Provisions, applies only to petition and trial on non-criminal grounds. *See In re Bazan*, 251 S.W.3d 39, 43 (Tex. 2008).

**Suspension Pending Trial; Temporary Appointee**

(a) After the issuance of the order requiring citation of the officer, the district judge may temporarily suspend the officer and may appoint another person to perform the duties of the office.

(b) The judge may not suspend the officer until the person appointed to serve executes a bond, with at least two good and sufficient sureties, *in an amount fixed by the judge and conditioned as required by the judge. The bond shall be used to pay damages and costs to the suspended officer if the grounds for removal are found at trial to be insufficient or untrue.* In an action to recover on the bond it is necessary to allege and prove that the temporary appointee actively aided and instigated the filing and prosecution of the removal action. . . .

(c) If the final judgment establishes the officer's right to the office, the *county shall pay the officer* from the general fund of the county an amount equal to the compensation received by the temporary appointee.

*Id.* § 87.017 (emphasis added).

The pre-trial suspension procedures under section 87.017 do not fit seamlessly with the provisions in subchapter C—including section 87.032—requiring an officer's suspension from office after conviction for a criminal offense involving official misconduct. For example, section 87.017(b) mandates the bond to "be used to pay damages and costs . . . if the grounds for removal are found at trial are to be insufficient or untrue." *Id*. § 87.017(b). But if an officer has been removed pursuant to section 87.032 based on a criminal conviction, as Evans was here, the grounds for his removal have already been "found at trial" to be sufficient or true. Thus, as discussed further below, despite the "suspend . . . as provided by this chapter" language in section 87.032, we have some question of whether the bond required for a temporary replacement of an officer pending trial in a civil removal proceeding applies to the replacement of an officer after the officer has been convicted of a criminal offense involving official misconduct.

### PROCEEDINGS BELOW

The trial court's judgment of conviction removed Evans from office pursuant to sections 87.031 and 87.032. After Evans filed a notice of appeal, the State petitioned the trial court to find that Evans's suspension from office pending his appeal was in the public interest. The trial

court held an evidentiary hearing on the motion, at which the State re-offered—and the trial court admitted without objection—all the evidence admitted at the guilt/innocence stage of Evans's criminal trial.

After the hearing, the trial court signed an order, dated August 6, 2012, stating that after considering the evidence presented, counsels' arguments, the Texas Local Government Code, and applicable statutes, it was in the public interest to suspend Evans pending the appeal of his criminal conviction. On August 13, 2012, the trial court issued a second order appointing Cleophus R. Steele, Jr. to perform the duties of Evans's former office for the remainder of the term or until Evans is returned to office following a successful appeal of his conviction. The August 13 Order states a bond "in the amount of $5,000" shall be posted "in compliance with Local Government Code § 87.017."

Evans filed a "Motion for New Trial or Motion for Reconsideration of Order on Suspension from Office and Order on Appointment of Constable for Precinct 1, or alternatively, Motion for Order Establishing Supersedeas." In his motion (and at the hearing), Evans argued his suspension was improper for several reasons, including that there was no evidence to support the amount of the bond set by the August 13 Order and that the trial court was required to set supersedeas. The parties argued the motion at the hearing but did not present any evidence to the trial court, except that upon Evans's motion, the trial court took judicial notice of a County Commissioners' order setting the maximum salary for the office of constable. At the conclusion of the hearing, the trial court signed an order, dated October 8, 2012, denying the motion.

Evans filed a petition for writ of mandamus with this Court challenging the August 6 Order, the August 13 Order, and the October 8 Order. He asserts the trial court abused its discretion by: denying Evans an appropriate supersedeas; failing to comply with section 87.017;

–4–

and suspending Evans without following constitutional requirements and without proper jury findings.

## EVANS'S OWN RIGHT TO SUPERSEDE THE JUDGMENT

Evans first argues he has an "absolute" right to supersede the "judgment of removal" during his appeal, and that the trial court abused its discretion by denying him that right. Citing sections 87.031 and 87.032 and *In re Bazan*, he argues that although his removal is ancillary to a criminal conviction, the appeal of his removal is necessarily a civil proceeding. Otherwise, the Texas Supreme Court would have lacked jurisdiction to decide such matters in *In re Bazan*. He then argues that it is "well-settled" that the right to supersedeas is absolute and that a trial court has no discretion to deny supersedeas, citing a long list of cases that generally stand for that proposition.

We need not dwell on the precise "civil versus criminal" demarcation relevant to the removal. Although generally supersedeas is available in an appeal of a civil judgment, none of Evans's cases address removing an officer after a criminal conviction involving official misconduct under subchapter C. Initially chapter 87 allowed Evans to supersede his conviction by appealing it, which he did. *See* TEX. LOC. GOV'T CODE § 87.032. However, once the trial court found "it [was] in the public interest to suspend" Evans pending the appeal of his criminal conviction, Evans had no further right to supersede the trial court's order. *See generally id.*; *In re Bazan*, 251 S.W.3d at 41 ("If the officer appeals the conviction . . . the removal order is superseded, unless the trial court determines that the public interest requires the officer's suspension during the appeal.").

The statutory framework for the removal of an official under chapter 87 controls over the law applicable to civil cases in general. Requiring the trial court to grant Evans's request for supersedeas, thereby allowing Evans to remain in office pending the appeal of his criminal

conviction, effectively would eviscerate the statute's provision that a convicted public official shall be suspended from office if the court finds it is in the public interest to do so. *See Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768-69 (Tex. 2000) (interpret statutes to give effect to Legislature's intent). Accordingly, we conclude the trial court did not abuse its discretion by denying Evans's request to supersede the order removing Evans from office.

### FAILURE TO COMPLY WITH SECTION 87.017

Evans argues the trial court abused its discretion by failing to comply with section 87.017. Evans first complains the August 13 Order did not require Steele to execute a bond before Evans's suspension became effective. However, by the time Evans filed this petition for mandamus, the bond was filed; thus, there is nothing for us to consider with respect to Evans's first complaint.

Evans next complains the August 13 Order did not require the bond be backed by two or more good and sufficient sureties. Because the August 13 Order states the bond must be posted "in compliance with Local Government Code § 87.017"—which requires it be executed with two good and sufficient sureties—we cannot say the trial court abused its discretion by failing to specifically recite the requirement of section 87.017 that a bond be executed with at least two good and sufficient sureties.

Evans next contends the trial court abused its discretion by failing to specify the basis for its finding that it was in the public interest to suspend Evans pending the appeal of his conviction. *See* TEX. LOC. GOV'T CODE § 87.032. The statute does not require the trial court to state the basis for its determination. *See id.* And we cannot say that the trial court lacked evidence to reach this conclusion; at the suspension hearing, all of the evidence admitted at the guilt/innocence phase of Evans's criminal trial was admitted without objection. We decline to

conclude the trial court abused its discretion by failing to specify its factual basis for invoking the public interest provision in section 87.032.

Finally, Evans complains the August 13 Order lacks required conditioning language—specifically, Evans argues the bond should be payable to him upon the condition that the grounds for his removal are found to be insufficient or untrue—and the August 13 Order "arbitrarily" set a bond amount at $5,000.

The bond required by section 87.017 is to pay damages and costs to the suspended officer "if the grounds for removal are found *at trial* to be insufficient or untrue." *Id.* § 87.017(b) (emphasis added). As stated earlier, the statute does not require the trial court to state this as a condition or otherwise require that the bond be payable to Evans if his conviction is reversed, as Evans urges us to conclude. *See id.* Moreover, the statute does not speak to whether the bond is available to pay for damages and costs if the grounds for removal are found *on appeal* to be insufficient or untrue. In this case, Evans has been tried, the grounds for removal were found to be sufficient and true, and Evans was convicted.[2] This clause in section 87.017 simply does not apply to the facts of Evans's request for mandamus and the trial court did not abuse its discretion by failing to order the bond payable to Evans or imposing other conditioning language.

Similarly, we cannot conclude the trial court abused its discretion by setting the amount of the bond at $5,000. As Evans notes in his brief, the bond is to be used to pay damages and costs to the suspended officer. *See id.* Although Evans asserts he presented evidence to the trial court that the amount of $5,000 is not sufficient to cover his damages and costs if this Court reverses his conviction, we disagree.

---

[2] Additionally, the bond would only be paid to Evans if he could prove that Steele "actively aided and instigated the filing and prosecution of the removal action." TEX. LOC. GOV'T CODE § 87.017(b). Evans does not allege, and there is no evidence indicating, Steele aided and instigated the filing and prosecution of the removal action against Evans.

Evans relies on a document—which the trial court judicially noted at the October 8 hearing—titled "Elected Official FY2013 Maximum Proposed Monthly Salary and Auto Allowance with 4% Salary Increase and an 0% Auto Allowance Increase." This is evidence of the maximum proposed monthly salary and auto allowance of someone in Evans's position, not proof his salary.

Moreover, by statute, if Evans's conviction is reversed and a subsequent final judgment establishes his right to the constable's office, then the county could be required to pay him an amount equal to the compensation received by Steele. *See id.* § 87.017(c). Any damages in the form of unpaid salary to which Evans may be entitled may be reduced by the amount of compensation received by Steele—and there is no evidence of the amount of compensation to be received by Steele. Without evidence that Evans's damages and costs would be more than, less than, or equal to $5,000, we cannot say that the trial court abused its discretion by setting the amount of the bond at $5,000.

### COMPLIANCE WITH REMOVAL PROCEDURES

Evans also argues the August 6 Order, the order of removal, and the suspension, are invalid. Evans asserts the State was required to file a pleading advising him that it would seek his removal. The case Evans cites to support this proposition, *Ormes v. Quinn*, 113 S.W.2d 242 (Tex. Civ. App.—El Paso 1938, no writ), is not applicable. In *Ormes*, the appellant, a constable, was charged with offenses and misconduct. The State sought to remove the appellant from office "during the pendency of the ouster proceedings and so long as there is [an] indictment pending against him charging a felony." *Ormes*, 113 S.W.2d at 242. The district court suspended the appellant pending the outcome of his criminal case. The removal suit subsequently was dismissed; by the time of the dismissal, the appellant's term in office had expired. Appellant sued to recover damages against the substitute constable's official bond. *See*

*id.* at 243. *Ormes* is not applicable to the facts before us because Ormes was removed from office *before* he was convicted of any crime while Evans was removed *after* a felony conviction. Additionally, the *Ormes* court did not state a pleading is required before the State can seek to remove a convicted felon from office. The notice to Evans that he would be suspended from office was his indictment and conviction. Neither chapter 87 nor the *Ormes* case requires any additional notice to be given.

Evans also argues that article 5, section 24 of the Texas constitution required the State to file a pleading advising Evans that the State intended to suspend him and to obtain a finding of removability from the jury. Because the State did not do so, Evans argues, the suspension is not proper. Article 5, section 24 states that a judge may remove a constable for "incompetency, official misconduct, habitual drunkenness, or other causes defined by law, upon the cause therefor being set forth in writing and the finding of its truth by a jury." TEX. CONST. art. V, §24. We do not read this constitutional provision to require the trial court to submit a question on removability to the jury. Rather, we understand this provision to require the cause of the removal—the felony—to have been set forth in writing and found true by the jury. This occurred in Evans's case when he was indicted and subsequently convicted by a jury.

We do not conclude the trial court's order of suspension is "constitutionally infirm or invalid."

## CONCLUSION

We deny Evans's petition for writ of mandamus and motion for rehearing.

130022F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE