

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00128-CV

TERRY ROSS                                                    APPELLANT

V.

N. LANE AKIN                                                   APPELLEE

----------

FROM THE 271ST DISTRICT COURT OF WISE COUNTY
TRIAL COURT NO. CV12-06-414

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION AND FACTUAL BACKGROUND

This is a summary-judgment appeal. Appellant Terry Ross, who was County Commissioner of Precinct Four in Wise County, was indicted for and pleaded guilty to the Class B misdemeanor offense of "Abuse of Official Capacity." *See* Tex. Penal Code Ann. § 39.02 (West 2011). Subsequently,

---

[1]*See* Tex. R. App. P. 47.4.

pursuant to the provisions of subchapter C of chapter 87 of the Texas Local Government Code, Appellee N. Lane Akin filed a petition seeking Ross's removal from office. *See* Tex. Loc. Gov't Code Ann. §§ 87.031–.032 (West 2008 & Supp. 2014); *accord In re Evans*, 401 S.W.3d 921, 923–24 (Tex. App.—Dallas 2013, orig. proceeding) (explaining that subchapter B of chapter 87 provides for removal of certain government officials from office by petition and trial on non-criminal grounds while subchapter C addresses removal by criminal conviction involving official misconduct). In due course, Akin filed a motion for summary judgment, claiming that he had conclusively established facts—Ross's misdemeanor conviction of the offense of abuse of official capacity—that triggered Ross's automatic and immediate removal from office under local government code section 87.031(a). *See* Tex. Loc. Gov't Code Ann. § 87.031(a). Following a hearing on the motion for summary judgment, the trial court granted summary judgment for Akin and also signed a separate order removing Ross from office. *See id.* § 87.031(b) (requiring court rendering judgment of removal based on misdemeanor conviction involving official misconduct to include an order removing the officer from office in its judgment). Ross perfected this appeal and raises three issues.

## II. ROSS'S MISDEMEANOR CONVICTION FOR ABUSE OF OFFICIAL CAPACITY IS A MISDEMEANOR INVOLVING OFFICIAL MISCONDUCT

In his first issue, Ross argues that his conviction for abuse of official capacity did not require an intent on his part to violate the law so that the

conviction cannot qualify as "official misconduct" under section 87.031(a) or trigger that section's automatic removal provision. In his second issue, Ross alternatively argues that he at least raised a fact issue on whether his conviction for abuse of official capacity involved "official misconduct" so that summary judgment was not proper.

We examine the terms of the statutes at issue to determine whether Ross's conviction for abuse of official capacity meets the definition of "official misconduct" under chapter 87. The Texas Penal Code provides that a public servant commits the offense of abuse of official capacity if, with intent to obtain a benefit or with intent to harm or defraud another, he intentionally or knowingly (1) violates a law relating to the public servant's office or employment or (2) misuses government property, services, personnel, or any other thing of value belonging to the government that has come into the public servant's custody or possession by virtue of the public servant's office or employment. Tex. Penal Code Ann. § 39.02. A person acts intentionally when it is his conscious objective or desire to engage in the conduct. *Id.* § 6.03(a) (West 2011). A person acts knowingly when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). The offense of abuse of official capacity is a Class B misdemeanor if the value of the thing misused is $20 or more but less than $500. *Id.* § 39.02(c)(2).

Texas Local Government Code section 87.031 provides:

(a) The conviction of a county officer by a petit jury for any felony or for a misdemeanor involving official misconduct operates as an immediate removal from office of that officer.

(b) The court rendering judgment in such a case shall include an order removing the officer in the judgment.

Tex. Loc. Gov't Code Ann. § 87.031. "Official misconduct" is defined as "intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law. The term includes an intentional or corrupt failure, refusal, or neglect of an officer to perform a duty imposed on the officer by law." *Id.* § 87.011(3) (West 2008).

Ross argues that the offense of abuse of official capacity simply does not qualify as "official misconduct" under section 87.031(a) of the local government code because section 87.011's definition of "official misconduct" requires *intentional*, unlawful behavior; Ross asserts that the behavior forming the basis of his abuse-of-official-capacity conviction was not intentional. In resolving Ross's first issue, we limit our analysis to the words of these statutes, and we apply the plain meaning of the words unless a different meaning is supplied by legislative definition or is apparent from the context or unless the plain meaning leads to absurd results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011); *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010).

In connection with his abuse-of-official-capacity plea agreement, Ross signed a judicial confession. The judicial confession was included as summary-

4

judgment evidence attached to Akin's motion for summary judgment. The judicial confession states that Ross committed each and every act alleged in the indictment. Thus, Ross confessed—as set forth in the indictment that was also attached to Akin's summary judgment motion—that Ross did

> then and there, with intent to obtain a benefit or with intent to harm or defraud another, intentionally or knowingly misuse government property, services or personnel or any other thing of value belonging to the government that had come into his custody or possession by virtue of his office or employment, by building a playhouse for his grandchildren on public property, or by utilizing public employees being paid by public funds to help build a playhouse for his grandchildren during the employee's paid working hours, or by using building supplies or electrical components purchased with public funds to build a playhouse for his grandchildren, and the value of the said property, services, personnel time or any other thing of value misused by the Defendant was $20 or more but less than $500, and the said Defendant was a public servant.

As set forth above, Ross judicially confessed that he acted intentionally or knowingly in the commission of the abuse-of-official-capacity offense when he misused government property with the intent to obtain a benefit. Applying the penal code definitions of intentionally and knowingly, Ross judicially confessed that it was his conscious objective or desire to engage in the conduct of misuse of government property or that he was aware of the nature of his conduct when he misused government property. *See* Tex. Penal Code Ann. § 6.03(a), (b). Ross likewise judicially confessed that the property he had misused had come into his custody or possession by virtue of the office he held. Ross's admitted intentional or knowing misuse of government property that he possessed or had

5

custody of as a result of his office as County Commissioner of Precinct Four in Wise County with the intent to obtain a benefit for himself is—applying the definition of "official misconduct" provided in chapter 87 of the local government code—behavior that is "intentional, unlawful behavior relating to official duties by an officer entrusted with the administration of justice or the execution of the law." Tex. Loc. Gov't Code Ann. § 87.011(3). Juxtaposing the definition of "official misconduct" provided by the legislature in section 87.011(3) to the facts judicially confessed by Ross—including Ross's mental state as defined in the penal code, we hold that Ross's misdemeanor abuse-of-official-capacity conviction constitutes a misdemeanor conviction involving official misconduct that operates as an immediate removal from office under section 87.031(a) of the local government code. *See id.* We overrule Ross's first issue.[2]

---

[2]Citing article XVI, section 2 of the Texas constitution and *In re Bazan*, 251 S.W.3d 39, 41–42 (Tex. 2008) (orig. proceeding), Ross also asserts under his first issue that a person may be excluded from office only if convicted of bribery, perjury, forgery, or other high crimes. As pointed out by Akin, however, a distinction exists between eligibility to hold office and removal from office. An individual convicted of a felony (a high crime) is ineligible to hold public office whether the conviction comes before or after the individual's election to office. *Bazan*, 251 S.W.3d at 41. A county officer convicted of a misdemeanor is automatically and immediately removed from office only when the misdemeanor involves official misconduct. Tex. Loc. Gov't Code Ann. § 87.031(a). Because Akin's petition sought Ross's removal based on Ross's conviction for a misdemeanor offense, which we have held involved official misconduct, we do not further address Ross's assertion that only the commission of high crimes excludes a person from office.

To the extent that Ross's argument under his first issue may be construed as asserting that article XVI, section 2 of the Texas constitution authorizes the passing only of laws removing officials from office for the commission of felonies

6

In his second issue, Ross asserts that a genuine issue of material fact exists concerning whether his abuse-of-official-capacity conviction qualifies as "official misconduct" under sections 87.011(3) and 87.031(a) of the local government code. As set forth above, Akin's summary-judgment evidence—which included the indictment, plea agreement, judicial confession, judgment, and other papers concerning Ross's abuse-of-official-capacity conviction—conclusively established as a matter of law that Ross's abuse-of-official-capacity conviction qualified as "official misconduct" under section 87.011(3) and section 87.031(a). *See* Tex. Loc. Gov't Code Ann. §§ 87.011(3), .031(a). We overrule Ross's second issue.

### III. ROSS'S THIRD ISSUE

In his third issue, Ross claims that he was entitled to a jury trial in the removal case. Ross relies upon article V, section 24 of the Texas constitution and upon *Trevino v. Barrera*, 536 S.W.2d 75 (Tex. Civ. App.—San Antonio 1976, no writ). Ross may or may not be correct in his assertion that a county official may be entitled to a jury trial in a removal case under subchapter C of chapter

---

and precludes the passage of laws removing officials from office for the commission of misdemeanors, he did not raise a constitutional challenge to chapter 87's removal-for-misdemeanors-involving-official-misconduct provision in the trial court, so it is not preserved for our review. *See, e.g., Wood v. Wood*, 159 Tex. 350, 358–59, 320 S.W.2d 807, 813 (1959) (explaining that the "constitutionality of a statute will be considered only when the question is properly raised and a decision becomes necessary and appropriate to the disposal of the case and no statute should be overruled without careful and mature consideration").

7

87; however, we need not decide that issue here because even if Ross was entitled to trial by a jury on the removal issue, Akin was still entitled to file a motion for summary judgment, and the trial court was still entitled to grant a summary judgment if no genuine issues of material fact existed and if Akin established his right to judgment as a matter of law. *See* Tex. R. Civ. P. 166a (providing that the judgment sought shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion). Because we have held in our disposition of Ross's first two issues that no genuine issues of material fact exist concerning whether Ross's abuse-of-official-capacity conviction qualifies as a misdemeanor involving "official misconduct" under local government code section 87.011(3) and that therefore Akin established his right to a judgment of removal as a matter of law under local government code sections 87.031(a) and 87.031(b), Ross is no longer entitled to a jury trial in any event. We overrule Ross's third issue.

## IV. CONCLUSION

Having overruled Ross's three issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DELIVERED:  December 23, 2014

8